LEE, Respondent, vs. CAMPBELL and others, Appellants.

*September 2 — September 23, 1890.*

(*1, 4*) *Action, tort or contract? Erroneous statement of counsel.* (*2, 3*) *Sale of chattels: Evidence.* (*5*) *Appeal: Bill of exceptions.*

1. A complaint alleged that defendants agreed to purchase about 35,000 feet of logs from plaintiff and to pay him therefor $10 per thousand feet; that they afterwards pretended to purchase said logs from a third person, although plaintiff had notified them that he was the owner and forbade such purchase; that the logs were delivered to defendants, and that they thereby became indebted to plaintiff in the sum of $357.10, which they had not paid; and judgment was demanded for that sum. *Held*, that the action was upon the implied promise to pay for the logs, the tort being waived.

2. In such action evidence that defendants agreed to pay said third person $10 per thousand feet for the logs, is sufficient proof, *prima facie*, of their value.

3. Correspondence between the parties relative to the purchase of logs, but naming a mark different from that on the logs in controversy, was admissible, there being other testimony tending to show that it did, in fact, relate to such logs.

4. An erroneous statement by plaintiff's counsel, at the commencement of the trial, as to the nature of the action, which did not mislead the defendant, is not ground for reversal of the judgment.

5. Where the bill of exceptions is not certified by the trial judge to contain all the evidence, it will be presumed that every fact pleaded which is essential to support the judgment was proved on the trial.

APPEAL from the Circuit Court for *Winnebago* County. This is an action to recover the value of about 35,000 feet of pine saw-logs. It is alleged in the complaint that the defendants agreed to purchase them of plaintiff, and to pay him therefor $10 per thousand feet, but that afterwards they pretended to purchase the same of one Lord, although the plaintiff had theretofore notified them that he was the owner thereof, and forbade them to purchase the logs of any other person; that the logs were delivered to the defendants, June 18, 1888, whereby they became indebted to

the plaintiff therefor in the sum of $357.10, which they have not paid. Judgment is demanded for that sum, and for interest and costs. The answer is in substance a denial of the material allegations of the complaint. A trial resulted in a verdict for the plaintiff for $167.25,— presumably for 15,000 feet at $10 per thousand,— and interest thereon from the time the logs were delivered to defendants. A motion for a new trial was denied, and judgment for the plaintiff entered pursuant to the verdict. The case is further stated in the opinion. The defendants appeal from the judgment.

For the appellants there was a brief by *Hicks, Phillips & Kleist*, and oral argument by *M. C. Phillips*.

*H. W. Lee*, respondent, in person.

LYON, J. I. There is a controversy as to the nature of the action. The circuit judge held it to be an action *ex contractu*, brought to recover the value of the logs on the implied promise of the defendants to pay for them — the tort being waived. We think this the correct construction of the complaint. Since the case of *Norden v. Jones*, 33 Wis. 600, there can be no doubt that in this case the tort may be waived and an action maintained on the implied *assumpsit* for the value of the logs.

At the commencement of the trial, counsel for plaintiff stated, in substance, that he understood the complaint to state a cause of action upon contract, and further that he claimed a bargain and sale of the logs by plaintiff to defendants, and should proceed on that theory. If that statement confines the plaintiff to a recovery upon an express contract (and we think it does not), we must assume that he proved such express contract, for the reason that the bill of exceptions is not certified by the judge to contain all the testimony. There is a certificate of the official reporter to that effect following the certificate of the judge to the bill,

but that is of no value or significance. In case of the absence of such certificate of the judge, the presumption is that every fact pleaded which is essential to support the judgment was proved on the trial.

It is said that counsel for plaintiff afterwards claimed that the action is trover. We think the fair import of his language, as contained in the bill of exceptions, is that he did not claim on an express contract, but on the promise of defendants to pay for the logs which the law implies from the wrongful conversion of them. The case must be determined, however, upon the pleadings and proofs, and not on any mistaken views of counsel as to the nature of the action, which did not mislead the defendants. The case has been fully tried as an action *ex contractu*, and the defendants were not prejudiced by the alleged remarks of counsel.

Although, for the reason stated, we must assume that every fact essential to a recovery by the plaintiff was proved, it should be observed that the testimony preserved in the bill of exceptions tends to prove all such facts. It tends to prove that the logs in question were wrongfully cut on plaintiff's land by the agent of Lord, and sold and delivered by the latter to the defendants, and that they had notice before they paid Lord therefor that the plaintiff was the owner of the same. Indeed, it is neither averred nor proved that the defendants have paid Lord therefor. This is sufficient to support the verdict and judgment, even though the defendants never agreed with plaintiff for the purchase of the logs.

II. Certain correspondence between the parties relative to a purchase and sale of logs, but naming a different mark than that on the logs in controversy, was received in evidence, against the objection of defendants. Other testimony in the case tends to show that the correspondence related to the logs in controversy, notwithstanding the discrepancy in the marks. The correspondence is not very material, as

it does not relate to the implied *assumpsit* upon which the judgment rests. But were it material, we think there was no error in admitting it.

The action is for the value of the logs, so far as it rests on the implied *assumpsit*. There is no direct allegation of value in the complaint. But the testimony contained in the bill of exceptions tends to show that defendants agreed to pay Lord $10 per 1,000 feet for them. This is sufficient proof, *prima facie*, of their value.

The foregoing views dispose of all the errors alleged for reversal adversely to the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.