Disotell vs. The Henry Luther Co.

Disotell, by guardian *ad litem*, Respondent, vs. The Henry Luther Company, Appellant.

*September 5 — September 26, 1895.*

(1) *Appeal: Bill of exceptions: Presumptions.* (2) *Injuries to minor servant: Jurors' observation of plaintiff's intelligence, etc.: Instructions.*

1. In the absence of a certificate that the bill of exceptions contains all the testimony, the presumption is that every fact within the issue and essential to support the judgment was proved, and no inference inconsistent with the verdict can be drawn.

2. In an action by a minor, eighteen years of age, for injuries received while employed in defendant's factory, an instruction to the effect that the jury might consider the appearance of the plaintiff, as he had been exhibited before them on the witness stand, in determining the question of his intelligence and capacity to apprehend and avoid the dangers incident to his employment, was not erroneous.

Appeal from a judgment of the circuit court for Green Lake county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

The defendant is a corporation engaged in the manufacture of zinc washboards. The plaintiff is an infant of eighteen years, who received a personal injury while employed by the defendant in its factory.

The plaintiff in his complaint claims, and there is evidence tending to show, that the plaintiff's business was the feeding of a machine called the "crimping machine;" that this machine consists of two metallic rollers, revolving horizontally close together, about three feet above the floor, with cog-wheels which match into each other, and revolving eight times in a minute; that the motive power was steam, communicated to the machine by a belt which passed over a wheel or pulley upon the shaft of one of the rollers; that plaintiff's duty was to insert the edge of a plain sheet of zinc between the rollers at each revolution, which by one revolution of the roller was turned out "crimped;" that

Disotell vs. The Henry Luther Co.

there was danger attending the operation of this machine, which was not so obvious as to be observed by the inexperienced; that the plaintiff did not know of the danger, and had not been instructed in reference to it; that the danger to plaintiff was increased by the fact that a little boy, still in skirts, a son of the manager, was allowed and accustomed to play in the room when this machine was being operated, and often near the machine; that the manager requested the plaintiff to look after the boy, so that he might not be hurt by having his clothes caught by the wheels; that plaintiff did look after the boy as requested; that one day while the plaintiff was operating the machine the boy was playing so near to the machine that it appeared to the plaintiff that there was danger of his clothes being caught by the wheels and of his being hurt, when plaintiff asked him to go away, and then tried to push him away with his foot, as was his usual method; that while his attention was diverted by his care of the child his left hand was drawn into the machine and crushed between the rollers.

There was a verdict and judgment for the plaintiff, from which the defendant appeals.

*John J. Wood, Jr.,* and *Charles Barber,* for the appellant, to the point that it was error to charge the jury that they might take into consideration the appearance of the plaintiff upon the witness stand in determining the question of his intelligence and capacity to apprehend the dangers of his employment, cited *Washburn v. M. & L. W. R. Co.* 59 Wis. 364; *Sherman v. Menominee R. L. Co.* 77 id. 22; *Peppercorn v. Black River Falls,* 89 id. 41; *Chopin v. Badger P. Co.* 83 id. 195; 2 Thompson, Trials, § 2604; *Hanawalt v. State,* 64 Wis. 84.

*Perry Niskern,* for the respondent.

NEWMAN, J. The record contains no certificate of the trial judge that the bill of exceptions contains all the tes-

timony given upon the trial. In the absence of such certificate, the presumption is that every fact within the issue and essential to support the judgment was proved upon the trial. *Lee v. Campbell*, 77 Wis. 340. So there can be no review of the case upon the testimony here, nor any inference inconsistent with the verdict drawn. *Morrow v. Lander*, 77 Wis. 77. Sufficient of the testimony is preserved in the bill of exceptions to show that there was testimony tending to prove all the facts essential to support the plaintiff's judgment.

But the defendant sees a fatal error in this instruction, which the court gave to the jury: "The testimony shows that this boy [the plaintiff] was eighteen years old,— nearly nineteen. It is claimed on the part of the plaintiff that he was a boy of tender years and therefore the same degree of care and discretion is not to be expected of him as would be of an adult or grown-up person. It is claimed on the part of the defendant, on the other hand, that although he was a minor he had arrived at such an age of discretion that he had, practically, the same discretion, and should be held to the same rule of care and prudence, as if he were an adult or person of mature age. Now this is a question which belongs entirely to you to determine. You have seen him on the witness stand and heard him testify. You must judge of his intelligence and capacity, and how much, if any, allowance should be made for his youth."

This is construed by defendant's counsel to be, in effect, an instruction to the jury that they might consider the appearance of the plaintiff, as he had been exhibited before them on the witness stand, in determining the question of his intelligence and capacity to apprehend and avoid the dangers incident to his employment. It seems to be capable of that interpretation. The jury may have so understood it. With that interpretation, defendant's counsel considers it plain error. But *Hermann v. State*, 73 Wis. 248, seems to

be a strong case in point to sustain the instruction. And that was a criminal case, where, if anywhere, full proof is required. The questions were as to a young woman's age, and the impression, in that respect, which her appearance should have made upon the defendant. It was held competent for the jury to give weight to their own observation of the young woman in court, during the trial, in the determination of these questions. No case in conflict with this view has been found. The question to be decided in the instant case was not an expert question to be decided upon the testimony of expert witnesses. It was a matter of common knowledge and observation. It was not susceptible of proof by opinion evidence. The jurors, having had observation of the plaintiff, were as competent to form an opinion of his intelligence and capacity, as related to the matter under investigation, as other witnesses would be. Much that is said by way of argument in *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, seems to support this view. But the question involved in that case was an expert question to be decided upon the testimony of witnesses having peculiar knowledge of the matter involved. This was the value of lands condemned for railway purposes. The court held that, while for many purposes it was competent for the jury to act upon the knowledge which they had obtained from a view of the premises, yet on this question of the value of the lands they were bound by the testimony of the witnesses who had peculiar knowledge and were experts upon the question. It does not seem, in any way, to conflict with *Hermann v. State* or the cases which support it. The instruction was not error.

Several alleged errors set out in the brief of counsel for the defendant, but not urged upon the argument, are found to be unimportant and are not considered at length.

*By the Court.*— The judgment of the circuit court is affirmed.