Butler, Appellant, vs. Gillis and others, Respondents.

*October 20 — November 7, 1899.*

*Appeal: Bill of exceptions: Logs and timber: Liens: Levy.*

1. In the absence of a bill of exceptions, or of a certificate that the bill contains all the evidence, the only question, where the trial was by the court, is whether the pleadings and findings sustain the judgment.

2. The proofs and papers used on a motion which resulted in a judgment are not a part of the record on appeal from the judgment, unless made so by a bill of exceptions.

3. *It would seem* that, in cases coming squarely within the provisions of ch. 378, Laws of 1889 (relating to levy upon marked logs), the levy must be made in conformity with that act.

Appeal from a judgment of the circuit court for Douglas' county: A. J. Vinje, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *J. A. Murphy* and *O. P. M. Jamison,* and oral argument by *Myron Reed.*

For the respondents there was a brief by *S. L. Perrin,* attorney, and *Clapp & Macartney,* of counsel, and oral argument by *Mr. N. H. Clapp* and *Mr. Perrin.*

Bardeen, J.    The plaintiff brought this action in the municipal court of Douglas county to foreclose a lien upon certain marked logs described in the papers. *The Musser-Sauntry Land, Logging & Manufacturing Company* was made

a nominal defendant, but no service on it was obtained. Judgment was entered against the defendants *Gillis* for the amount of the debt claimed, and the same was declared to be a lien upon the logs mentioned. After the logs had been advertised for sale under the execution, the company made affidavit of ownership and of the invalidity of the lien, gave the proper undertaking, and took an appeal to the superior court. The company made a motion, based upon the papers in the case and the certificate of the lumber inspector, for a judgment reversing the judgment of the municipal court so far as it adjudged the amount due plaintiff a lien upon their logs. An affidavit of prejudice of the judge of the superior court was filed, and the case was removed to the circuit court. The motion aforesaid came on for a hearing in the circuit court, and a judgment was entered reversing the former judgment in so far as it adjudged the amount due the plaintiff to be a lien upon the logs mentioned, and dismissing the complaint as against the moving defendant, and for costs. The judgment recited that certain affidavits were read in opposition to the motion, but failed to identify them. No bill of exceptions was settled. The plaintiff appeals, and the clerk certifies to this court all of the original papers on file in his office in said action.

In cases where there is no bill of exceptions, or where the bill is not certified to contain all the testimony, this court is bound to assume that every fact essential to sustain the judgment rendered was proved on the trial. *Lee v. Campbell*, 77 Wis. 340; *Disotell v. Henry Luther Co.* 90 Wis. 635; *Conatty v. Milwaukee E. R. & L. Co.* 100 Wis. 467. In such cases, where the trial was before the court, the only question is whether the pleadings and findings sustain the judgment. *Hussa v. Sikorski*, 101 Wis. 131. The record returned to this court discloses a judgment in favor of plaintiff in municipal court for the amount claimed, which was adjudged to be a lien upon the logs described, an appeal in

due form to the superior court, a proper transfer of the case to the circuit court, a motion upon the hearing of which certain papers and affidavits were used, and a judgment for defendant as stated. The proofs and papers used on the motion which resulted in the judgment are no part of the record proper, unless made so by a bill of exceptions. Hence, under the rule mentioned, we are bound to assume that there was sufficient before the court to authorize the judgment rendered. See *Donkle v. Milem*, 88 Wis. 33; *Keller v. Gilman*, 96 Wis. 445; *McCormick v. Cleveland*, 98 Wis. 522.

While not deciding the question, it may not be improper to say that this court inclines to the opinion that the levy upon marked logs, in cases shown to be squarely within the provisions of ch. 378, Laws of 1889, with the conditions present required by the somewhat uncertain conditions of that act, must be made in conformity therewith.

*By the Court.*— The judgment of the circuit court is affirmed.