KUEHN, Appellant, vs. NEROZ, Respondent.

*April 13—April 30, 1907.*

*Appeal: Record: Bill of exceptions: Reversal of judgment.*

1. In a garnishee action in aid of an execution issued on a justice's judgment in a replevin action, plaintiff had judgment in justice's court and defendants appealed. In the circuit court, on defendants' motion, the garnishee action was dismissed for want of jurisdiction. On appeal from the judgment of dismissal a bill of exceptions was settled purporting to show all that occurred on such dismissal, but it did not contain any of the proceedings in the replevin action or execution. *Held,* that such proceedings are not a part of the record in the garnishee action and are not before this court on the appeal from the judgment of dismissal.

2. In such case no jurisdictional defects being claimed to exist except in the replevin proceedings and execution, the judgment of dismissal must be reversed.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Garnishee action in aid of an execution issued on a judgment entered in justice's court in a replevin action.

The execution creditor made and delivered to the constable who held the execution an affidavit in substantial compliance with the statute for the purpose of having an alleged debtor of the execution debtor duly summoned as garnishee. A

summons was served accordingly on the execution debtor and also on an agent of the garnishee, the latter being a corporation, and the officer not being able to find it within his county. The garnishee duly appeared and answered admitting the indebtedness to the execution debtor at the time of the service of the garnishee summons to the extent of $91.68. Such debtor duly appeared and answered denying all the allegations of the garnishee affidavit and claiming that the indebtedness from the garnishee was exempt from seizure because the same consisted of wages for labor performed by such debtor during three months prior to the making of the answer, and at not exceeding $60 per month.

As a result of the trial of the garnishee action, judgment was rendered in favor of the plaintiff, from which an appeal was taken to the circuit court. There the attorneys for the defendants moved for a dismissal for want of jurisdiction. The motion was granted and judgment of dismissal with costs and discharging the garnishee from all liability was rendered.

A bill of exceptions was settled merely showing that upon the case being called for trial, before entering upon the examination of witnesses, a motion was made on behalf of the defendants to dismiss the action upon the ground that the court had no jurisdiction thereof; that the motion was granted; that due exception was taken thereto; and that judgment was rendered accordingly and docketed in the office of the clerk of the circuit court for Shawano county June 28, 1906.

*F. Y. King,* for the appellant.

For the respondent there was a brief by *Olen & Olen,* and oral argument by *O. L. Olen.*

MARSHALL, J. Counsel present the case as if the proceedings before the justice in the replevin action were a part of the record in the garnishee action as it was closed in the circuit court, and were before us as a part of the judgment roll on this appeal. That is a mistake. The garnishee action

while incident to, is practically separate from, the replevin action. The pleadings in the former are the affidavit for the issuance of the garnishee summons and the answers thereto. The judgment roll in the circuit court consists of such pleadings, the summons, the order for judgment, and the judgment. There being no bill of exceptions containing anything outside of such judgment roll, that is all there is before us for consideration. That is elementary.

In *Butler v. Gillis,* 104 Wis. 421, 80 N. W. 735, quite a similar situation to that here was presented. The action was commenced in the municipal court of Douglas county. It was carried by appeal from the judgment there rendered to the circuit court for such county. In the latter court there was a motion based upon the papers in the case and others for a judgment reversing the judgment of the municipal court, in part, and the motion was granted. On appeal to this court there was no bill of exceptions incorporating into the record matters outside the judgment roll proper. The judgment was affirmed, the court holding that it could not look beyond such judgment roll to test the validity of the judgment. *Jos. Schlitz B. Co. v. Washburn B. Asso.* 122 Wis. 515, 100 N. W. 832, is to the same effect.

From the foregoing it will be seen that in order to enable appellant to show here that the judgment of dismissal could not be justified by jurisdictional defects in the replevin proceedings and execution, the same should have been incorporated into the bill of exceptions, and in order to enable respondents to show the contrary, since a bill of exceptions was settled purporting to relate all that occurred on the dismissal, it was important that such proceedings and execution should not be omitted therefrom.

As the matter stands we have only the judgment roll in the garnishee action before us. The bill of exceptions, as stated, does not add anything material to the record. Such roll does not disclose any substantial defect. On the oral ar-

gument none was claimed to exist, except in the replevin proceedings and execution; none in the record proper. Therefore, the judgment must be reversed and the cause remanded for further proceedings according to law, though the reversal must rest upon different grounds than those assigned.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.