CRESCENT G. BOLTON *v.* CHESTER B. OVITT.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 22, 1907.

*Master and Servant—Injuries to Servant—Extraordinary Risk —Master's Liability—Youth and Inexperience of Servant— Effect as to Assumption of Risk—Evidence—Judicial Notice—Pain and Suffering—Incapacity—Servant's Age and Size—Improper Argument.*

In an action by a boy about ten years old for injuries received while employed by defendant in poking corn from an ensilage-cutter to the carrier that was filling a silo, plaintiff's evidence tended to show that during the third day of his work in consequence of the loss of a nut that held a cap that covered the knives and the cogwheels of the machine, and by defendant's direction, who cautioned him to be careful and not get hurt, plaintiff crossed his hands, held the cap in place with his left hand and poked the corn with the other, and that, when he had worked so about

twenty minutes in full view of defendant, the mitten on his left hand caught in the wheels and drew his hand into the cogs, inflicting the injuries complained of. *Held*, that the risk incident to holding the cap in place was an extraordinary risk, and so not assumed by plaintiff, unless he knew and comprehended it and how to avoid it, or it was so plainly observable that he will be taken to have known and comprehended it and how to avoid it, and the burden was on plaintiff to show nonassumption of the risk.

Whether plaintiff should be taken to have assumed the risk depends on whether he understood the danger from which his injury resulted; and if yes, whether he had sufficient mental and physical capacity to regulate his conduct in a manner adapted to secure his safety as effectually as the circumstances admitted.

Plaintiff's tender age and consequent lack of experience tended to show such want of the mental and physical capacity requisite to charge him with having assumed the risk, as made assumption of risk a question for the jury; and in determining it, the jury had a right to consider plaintiff's appearance in court and on the stand.

As plaintiff's tender age and consequent lack of experience tended to show his physical inability to perform the required work, he thereby questioned that he had such ability, therefore, his mother was properly allowed to testify that he "had grown a good deal" since the accident.

Plaintiff's age and size was notice to defendant that he had not the capacity of a mature person for the work in question, and it was proper to allow his counsel so to argue to the jury, for, although there was no evidence that defendant knew plaintiff's exact age when he hired him, he had known him since he was a small boy, and had seen him around a good deal since he was old enough to be around with other boys.

Any improper statements that plaintiff's counsel may have made, in arguing to the jury that plaintiff's age and size was notice to defendant of his incapacity, were so promptly and adequately dealt with by the court and so fully withdrawn by counsel as to rid the minds of the jury of any wrong impression therefrom.

That which is known need not be proved, and so it need not be proved that a severe injury to the hand causes pain.

It was within the discretion of the trial court to allow plaintiff first to claim damages for pain and suffering in the closing argument to the jury.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1907, Franklin County, *Haselton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. At the close of all the evidence the defendant moved the court to direct a verdict in his favor "because on the undisputed evidence in the case the plaintiff was not entitled to recover, claiming that the plaintiff had failed to establish the material allegations in the declaration that the plaintiff did not comprehend or understand the dangers incident to his employment; that in the absence of proof of this fact, it must be said that the plaintiff assumed the risk incident to the employment. Also claiming that the plaintiff had failed to establish that the instructions as given the plaintiff were not proper and sufficient and not comprehended and understood by him." This motion was denied, to which the defendant excepted.

This is case for negligence, to recover for personal injuries to the plaintiff, a lad between nine and ten, while working for the defendant cutting corn with an ensilage-cutter and filling a silo. His work was, to stand between the power and the cutter, and poke the corn with a stick from the cutter to the carrier. The knives, and the cog-wheels on the side of the cutter, were covered with an iron cap or hood. The plaintiff's evidence tended to show that during the third day of his work, a nut that held a cap came off, and that they stopped the machine to find it, but started it up without putting the nut back; that the defendant, who was feeding the machine, directed him to hold the cap in place with one hand near the cog-wheels, and poke the corn with the other hand, telling him to be careful and not get hurt; that he did as directed, by crossing his hands, putting his left hand on the cap and poking corn with the other, and worked so about twenty minutes in full view of the defendant, when the mitten on his left hand caught in the wheels and drew his hand into the cogs, when his thumb was broken and bruised, and his hand otherwise so injured that he lost part of it and two fingers. The plaintiff's evidence further tended to show that he never had any experience in such work before.

The defendant's evidence tended to contradict the plaintiff's evidence as to holding down the cap, and to show that the plaintiff had done the same kind of work for him the year

before, not as a hired servant, but had spelled his boys to the extent of poking away several loads of corn; that during the fall of 1905, he used this cutter in filling three silos, and that the plaintiff was around two-thirds of the time, and had opportunity to see and observe the cutter in operation; and that at the time he employed the plaintiff, he gave him a stick to use, and told him to keep his hands away from the machinery in question, to prevent injury. No witness was introduced on either side to show that the plaintiff was not able to do the work. He was in court during the entire trial, and testified on the stand.

*Emmet McFeeters* and *C. G. Austin & Sons* for the defendant.

A verdict should have been directed for defendant because there is no evidence that plaintiff did not comprehend the instruction and caution given him by defendant. And because plaintiff failed to establish the necessity of further instructions as to the character of the risk, and failed to show that defendant did not give such further instructions. *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396; *Ciriack* v. *Merchants Woolen Co.*, 146 Mass. 182; *Williamson* v. *Sheldon Marble Co.*, 66 Vt. 427.

The plaintiff having failed to establish (a) that he did not comprehend or understand the dangers incident to the employment in which he was engaged; (b) the need of further instructions or words of caution respecting the dangers of his employment; (c) that the caution given him by the defendant was not sufficient in the circumstances; (d) that he did not understand or comprehend such instructions or words of caution as he received from the defendant; and (e) that he did not know, comprehend or understand the danger of his not obeying the same, a verdict should have been directed for the defendant. *Chicago etc. Co.* v. *Reineiger*, 140 Ill. 334; *Russell* v. *Tillotson*, 140 Mass. 201; *Cheney* v. *Middlesex Co.*, 161 Mass. 296; *O'Conner* v. *Whittall*, 169 Mass. 563; *Silvia* v. *Sagamore*, 177 Mass. 476; *Brazil Block Coal Co.* v. *Gaffney*, 4 L. R. A. 850; *Buckley* v. *Gutta Percha Mfg. Co.*, 113 N. Y. 540; *Mundhenke* v. *Oregon etc. Co.*, 1 L. R. A. 278; *Tagg* v. *McGeorge*, 155 Pa. 368; *White* v. *Witteman etc. Co.*, 131 N. Y. 631; *Bible Mfg. Co.* v. *Taylor*,

95 Ga. 615; *Mather* v. *Rillston,* 156 U. S. 361; *Downey* v. *Sawyer,* 157 Mass. 418.

*Elmer Johnson* for the plaintiff.

In determining whether plaintiff acted with reasonable care and prudence, account should be taken of plaintiff's age and size. *Laflam* v. *Missisquoi Pulp Co.,* 74 Vt. 125.

ROWELL, C. J.   The risk of holding the cap in place with his hand was not an ordinary risk incident to the work the plaintiff was hired to do, for the cap was not made to be held in place by the hand, but by a nut on a bolt; and when the defendant set the plaintiff to holding the cap with his hand, he subjected him to an extraordinary risk, and one that the plaintiff did not assume, unless he knew and comprehended it and how to avoid it, or it was so plainly observable that he will be taken to have known and comprehended it and how to avoid it; and the burden was on the plaintiff to show non-assumption, we will say for present purposes.   But whether he was to be taken to have assumed that risk, was an open question, depending upon whether he understood the danger from which his injury resulted; and if yes, whether he had sufficient mental and physical capacity to regulate his conduct in a manner adapted to secure his safety as effectually as the circumstances admitted. The defendant says there was no evidence tending to show want of understanding and capacity in these respects, and that therefore his motion for a verdict should have been sustained. But, by all the authorities, the plaintiff's tender age and consequent lack of experience tended to show such want, and made it a question for the jury; and in determining it, the jury had a right to consider the appearance of the plaintiff in court and on the stand.   *Disotell* v. *The Henry Luther Co.,* 90 Wis. 635, a case of this kind in which the plaintiff was eighteen years old. Hence, defendant's motion for a verdict was properly overruled.

The plaintiff's mother was allowed to testify that he had "grown a good deal" since the accident, which was a year. and a half before.   It is objected that this was error, because no

question was made by either party but that the plaintiff was physically able to perform the work; because the testimony could not enlighten the jury, and would lead them to speculate on the plaintiff's size; because it was susceptible of different conclusions by different persons; and because the fact that he was small, did not bear on his capacity to understand and comprehend the danger. But, as the plaintiff's tender age and consequent lack of experience tended to show his physical inability, he thereby questioned that he had such ability; and the fact that he was small, as the last objection phrases it, bore upon that question.

As to the testimony not enlightening the jury and leading them to conjecture, it is true that evidence should afford a basis for belief and not merely for conjecture; but this testimony afforded a basis for belief that the plaintiff was smaller at the time of the accident than at the time of the trial, though it did not show with any certainty how much smaller; and it was not necessary that it should in order to be admissible; it was admissible for what it was worth. That different conclusions could be drawn from it by different persons goes only to its probative quality. The question of its admissibility lies back of that.

There was no evidence that the defendant knew the exact age of the plaintiff at the time of his employment; but he had known him since he was a small boy, and had seen him around a good deal since he was old enough to be around with other boys.

In his opening argument to the jury, the plaintiff's counsel said he claimed that the defendant was negligent in putting the boy to work where he did, and that the defendant had notice of his incapacity when he hired him. The defendant's counsel objected that there was no evidence to support the claim. But the plaintiff's counsel continued to argue that the defendant had such notice, and that the boy himself was that notice, and that he claimed no other. The defendant's counsel kept objecting, and was allowed an exception. The court then elicited from the plaintiff's counsel that as there was no dispute about the boy's age, and he had been around there enough so that the defendant must have known substantially what his age was, he argued that an inference could be drawn as to the capacity of the boy, and that the age and size of the boy were notice

to the defendant that he was not of mature years, and not, as measured by boys in general, of sufficient capacity. The court then said: "Your argument is, that the apparent age and size of the boy as the defendant knew him, was notice to the defendant that he had not the capacity of a mature man?" Counsel said that was his argument, and that that was the only thing he claimed. The court thereupon said to the jury that they were instructed, and that the court held, that plaintiff's counsel might argue that the apparent age and size of the boy were notice to the defendant that he had not the capacity of a mature person, and that anything further than that they were not to regard. Thereupon plaintiff's counsel said: "I withdraw anything I have said inconsistent with the statement of the court; that is all I claim." This action on the part of the court, taken in such good time, and the complete withdrawal and disclaimer of counsel, were, we think, effective to blot out from the minds of the jury any wrong impression they might have got from the argument, unless we say that the court erred in allowing counsel to argue as it finally did. But this cannot be said, for it is undoubted law that the age and size of the boy were notice to the defendant that he had not the capacity of a mature person for the work in question.

There was no evidence that the plaintiff suffered pain, except what the injury itself afforded. In his closing argument, plaintiff's counsel, for the first time, claimed damage for pain and suffering. To this the defendant objected that there was no evidence of pain and suffering, and that the claim should have been made in the opening. But the court held that there was evidence warranting the claim, and allowed the argument to proceed, telling the defendant that he might reply. But he did not reply, nor ask leave to meet the claim in any other way. He now insists that this was error, for that the injury itself was no evidence of pain, but that there should have been some word of testimony to show it; and *Curtis* v. *Rochester etc. R. R. Co.* 18 N. Y. 534, is relied upon as in point. But it is not in point. This question was not involved in it. We think the ruling well within the doctrine of judicial notice, which is based upon the maxim that what is known need not be proved, and it would seem that nothing can be better and more commonly known than that a bodily injury of this character and severity causes

pain. But it is argued that however it might have been formerly, yet now, under the modern treatment of such cases, it is well known that the patient cannot recall a moment of pain or suffering in a large number of cases; that aseptic surgery, the use of anesthetics, and the great strides of modern science in the treatment of such injuries, have practically eliminated bodily pain and suffering, so that it would be practically impossible to draw a correct inference that pain and suffering ensued merely from the fact of injury; and certainly that it would be impossible, in these days, to say how much or how long the injured person suffered, if at all. But however this may be, there is nothing in the case to show that the plaintiff received any such treatment. All that appears is, that he "was taken to a surgeon, who dressed the wound."

The defendant further says that if there had been any testimony offered to show that the plaintiff suffered pain, he could have successfully contradicted it; but that no such opportunity was given him, and that he was thereby deprived of a right, for which there should be a reversal. But it was discretionary with the court to allow the claim to be made in the close though not made in the opening, and no right of the defendant's was thereby infringed, for he had no right at that stage of the case to meet the claim with testimony. He could do that only by leave, and that he did not ask for.

*Judgment affirmed.*