ELLIS, Appellant, vs. ALLEN LAND COMPANY and another, imp., Respondents.

*March 15—April 5, 1911.*

*Appeal: Review: Bill of exceptions: Presumptions: Dismissal of action for delay in prosecution.*

1. Upon appeal from a judgment a bill of exceptions must be settled in order to make the evidence upon which the court acted a part of the record.
2. In the absence of a bill of exceptions, a recital in the judgment dismissing a complaint under sec. 2883, Stats. (1898), that it appeared to the trial court that plaintiff had been guilty of unnecessary and inexcusable neglect and delay in bringing the action to trial, will be conclusively presumed to have been based upon sufficient evidence.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the briefs of *J. F. Ellis.*

For the respondents there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*

WINSLOW, C. J. This is an appeal from judgment dismissing the complaint because of unreasonable delay and neglect in serving the summons upon certain defendants and because of unreasonable delay in bringing the action to trial. The motion was based upon that part of sec. 2883, Stats. (1898), which provides for dismissal in such cases. The record shows that several persons were named as defendants in the summons and complaint and that the summons was served upon two defendants in May, 1905, but that a number of the defendants were not served upon until September, 1908, at which time the motion to dismiss was made and granted. No bill of exceptions has been settled in the case, hence we are not informed by the record upon what evidence or affidavits the dismissal was based. It appears by the recitals of the

judgment that it appeared to the court "that the plaintiff has been guilty of unreasonable and inexcusable neglect and delay in prosecuting said action and bringing the same to trial." In the absence of a bill of exceptions it must be conclusively presumed that this conclusion was based upon sufficient evidence. Certain affidavits are attached to the record and are printed, but as they have not been made part of the record by being preserved in a bill of exceptions they cannot be considered upon appeal from the judgment.

Where an appeal is taken from an order, and the clerk's return or the order itself identifies the papers used by the parties on the application below, such papers may be considered upon the appeal, but this results from the specific provisions of the statute (sec. 3050, Stats. 1898). The appeal here is from a judgment and this rule does not apply. There must be a bill of exceptions settled in order to make the evidence on which the court acted a part of the record. *Butler v. Gillis,* 104 Wis. 421, 80 N. W. 735.

*By the Court.*—Judgment affirmed.