HOFF, Appellant, vs. HACKETT and another, Executors, Respondents.

*December 7, 1911—January 9, 1912.*

*Partnership: Account against partner and third person: Interest: Intention: Question of fact: Submission without action: Judgment: Appeal.*

1. Facts agreed upon and submitted pursuant to sec. 2788, Stats. (1898), some tending to show, and others to negative, an intention that interest should be charged,—are *held* to sustain a judgment of the court below to the effect that the surviving partner should not, in the winding up and adjustment of the partnership affairs, charge interest against the representatives of the deceased partner upon a certain account which stood on the firm books against such deceased partner and a third person.

2. Intention is usually a question of fact and is always such where, from other uncontroverted facts relative to intention, contradictory inferences may be drawn.

3. Where a controversy is submitted without action, pursuant to sec. 2788, Stats. (1898), no conclusion of law is necessary and the judgment determines both facts and law in favor of the party for whom it is rendered.

4. Upon an appeal in such a case the appellate court considers only the question whether there is in the stipulated facts sufficient to support the judgment.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

*Frank M. Hoyt,* for the appellant.

*Lawrence A. Olwell,* for the respondents.

TIMLIN, J.    The appellant is the surviving partner of the firm of Hackett & Hoff, which consisted of himself and Edward P. Hackett, now deceased, and the defendants are the executors of the latter.    The case was decided in the circuit court upon an agreed statement of facts submitted pursuant to sec. 2788, Stats. (1898).    The controversy is whether a surviving partner, representing the firm or representing himself

in the winding up and adjustment of the partnership affairs, should be allowed to compute interest against the representatives of the deceased partner upon an account which stood on the firm books against the deceased partner and a third person. The partnership began August 1, 1890, and continued until the death of Edward P. Hackett on May 9, 1910. The account in question began on the partnership books in October, 1890, and continued, somewhat reduced by credits at times but on the whole increasing, up to the death of Edward P. Hackett, when the debit balance, ·exclusive of interest, amounted to $6,765.49. The fact that Edward P. Hackett and the appellant had each a separate and individual account on the books of the firm on which no interest was charged and that the account in question represented moneys advanced by the firm to "E. P. and J. H. Hackett," as the account in question was entitled, would have some tendency to show that the intention of the partners was to charge interest on this last mentioned account, the appellant having no similar account. But, on the other hand, the books of the firm were balanced every six months during this period of about twenty years and interest computed upon and added to the debit balance of all accounts of third persons owing the firm any substantial amount for advances, while during this period there was no interest either computed upon or charged up to this account except on one occasion when an attempt of somewhat ambiguous character was made. The account in question in 1905 showed a debit to the firm of about $5,000, and at the instance of appellant the bookkeeper computed the interest upon it, entered the amount in the journal, and without the knowledge of appellant carried this entry into the ledger as an item of said account. Appellant observing this had the charge eliminated, and, dividing the amount of interest by two, caused to be made a charge of one half of it against a separate account of J. H. Hackett and sent the latter a statement and request for payment. The other half of the interest was not charged

to any one, and there was no charge of interest left in the account in question. E. P. Hackett had no knowledge of this bookkeeping transaction, but J. H. Hackett informed E. P. of the demand upon the former for half of the interest. E. P. Hackett informed J. H. that he should pay no attention to the matter, but that he, E. P. Hackett, would attend to it. Nothing was thereafter said on the subject of charging interest on this account between the partners, and no further attempt to charge interest upon this account or any part thereof was made. There was some indefinite conversation, but nothing agreed upon, relative to the one half of the interest attempted to be charged or charged to J. H. Hackett. The probative tendency of this is to show that the partners did not intend to charge interest upon this account against E. P. Hackett. Perhaps it also tends to show that the partners did not intend to charge interest on this account against any person, taking the twenty years of acquiescence in treating this account in this respect differently from the other similar accounts on the firm books as overbearing the ambiguous attempt of 1905, which was not carried out or persisted in by appellant or apparently acquiesced in by E. P. Hackett. . There are several other such items of fact among the facts stipulated. They face both ways. Some have a slight tendency to justify an inference that interest was intended to be charged. Others have a slight tendency to justify the contrary inference. Upon such a condition of the record the judgment of the circuit court must prevail.

Intention is usually a question of fact, and it is always a question of fact where, from other uncontroverted facts relative to intention, contradictory inferences may be drawn. The circuit court erroneously termed his decision a conclusion of law, but the judgment under the statute in question, sec. 2788, Stats. (1898), must be considered a determination of both facts and law in favor of the party for whom judgment is given.

In cases submitted under this statute no conclusion of law is necessary, and the judgment determines both facts and law in favor of the party for whom it is rendered.    It is true the statute in question says that the court shall render judgment thereon as if an action were pending.    It also says that the case, the submission, and a copy of the judgment shall constitute the judgment roll, while in ordinary litigated cases that roll is made up of the summons, pleadings, or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exception, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment.    Sec. 2898, Stats. (1898).    Under this latter statute the court of review on appeal or writ of error, without any bill of exceptions, will consider whether the findings support the judgment.    *Saukville v. Grafton,* 68 Wis. 192, 31 N. W. 719; *Blossom v. Ferguson,* 13 Wis. 75. Here we consider whether there is in the stipulated facts sufficient to support the judgment.    There being such evidence, an affirmance follows.

*By the Court.*—Judgment affirmed.