Kassuba Commission Co. v. Blodgett, 155 Wis. 529.

---

KASSUBA COMMISSION COMPANY, Appellant, vs. BLODGETT, Respondent.

*November 1, 1913—February 3, 1914.*

*Brokers: Recovery of commission and advances: Gambling contracts.*

Where purchases and sales of grain for future delivery were made through a broker with no intent on the part of the principal to receive or deliver the grain, but with intent merely to gamble on the market price thereof, if the broker had knowledge of that illegal intent he cannot recover from the principal for commissions or advances upon the transactions.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*William E. Burke,* for the appellant.

For the respondent there was a brief by *Carroll & Carroll,* and oral argument by *G. J. Carroll.*

The following opinion was filed November 18, 1913:

TIMLIN, J. The question presented in this case is whether, upon the following facts found, a broker may recover in a suit against his principal for advances:

The defendant through the plaintiff broker bought grain on the Milwaukee board of trade upon margins, for future delivery, and, before the day for delivery arrived, sold like quantities of grain for like delivery and offset the trades, leaving defendant with a credit of $253.25 in the hands of the plaintiff. Thereafter defendant through this broker made several sales of grain for May, July, and September, 1912, delivery, which the broker on April 27, 1912, closed out by purchasing a like amount of like grain for the like delivery and offset these purchases against the sales. This resulted in a loss of $718.75, which was paid by the broker and for which, together with his commission and less the said balance of $253.25, this suit is brought.

It was found that the plaintiff, when entering into said transactions and making said contracts, intended in good faith to perform the same. Also that it was the intention of the defendant in his transactions through the plaintiff thereby to gamble upon the market price of grain; that he did not intend to make any actual sale or delivery of the grain, but merely intended such transactions as a wager on the future market price of said commodity. "That although defendant did not inform plaintiff that he intended to gamble, plaintiff, from the facts and circumstances, must have had actual knowledge that the defendant, by and in such transactions with it as aforesaid, intended to so in fact gamble; that the defendant did not intend to receive or deliver the grain, but intended to merely settle for the difference between the contract and the market price of the grain contracted for."

We consider this is a sufficient finding that defendant intended a series of gambling contracts and that the broker knew such intention when it acted as the agent of defendant in carrying out the contracts and making the advances or payments on the same. This is not an action between the parties to the contract for the future purchase, sale, transfer, or delivery of personal property as described in sec. 2319a, Stats. No doubt, in a suit by a broker to recover commissions and advances, if the contract was void under sec. 2319a as a gambling contract there could be no recovery. Where the only question in the case is with reference to the validity of the principal contract, as in *Wagner v. Engel-Millar Co.* 144 Wis. 486, 129 N. W. 392, the legal inquiry should be directed to the validity of that contract. The language used in the case last mentioned is appropriate to that situation, but the contract between the broker and his principal may be invalid for other reasons than that of the gambling nature of the contract between the buyer and seller.

"By the great weight of authority, a broker has no rights as against his customer in a gambling contract of which the broker is cognizant. He cannot recover his commissions for work and labor expended. If he has advanced and lost property in excess of the margin deposited with him, he cannot recover this from his principal." 14 Am. & Eng. Ency. of Law (2d ed.) 640.

A contract for future delivery will be valid and enforceable if one of the parties thereunto intends in good faith to perform, although the other party intended merely a gambling transaction; but this does not conclude the question between the gambler and his aiders when the latter have knowledge of the unlawful intention of their principal and co-operate therein. *Carson v. Milwaukee P. Co.* 133 Wis. 85, 113 N. W. 393. The facts found by the circuit court bring the case within the above quoted rule which is noticed in *Carson v. Milwaukee P. Co., supra,* although that case turned upon the validity of the contract for future delivery.

Where there is no question of invalidity on the ground of the broker aiding and abetting a gambling transaction, the validity of the principal contract under sec. 2319a is a question of paramount importance, and to such condition the language of *Wagner v. Engel-Millar Co.* 144 Wis. 486, 129 N. W. 392, is addressed; but as was said in *Carson v. Milwaukee P. Co., supra:*

"Even legitimate transactions furnish many opportunities for collateral wager contracts and gambling, and two persons, broker and principal, knowing the usual way of settling on the board of trade, and knowing that delivery can be insisted upon by either party who is a member of the board of trade and a party to the sale or purchase, but at the same time knowing that, notwithstanding this, these deliveries are very rarely insisted upon, may well enter upon a single trade or series of trades with the intention that no actual commodities shall be received or delivered."

The instant case is stronger, because the findings settle the question as to the illegal intention of one of the parties to this action and knowledge of such intention on the part of the other party to this action, and this being found, the advances were clearly in aid of the illegal enterprise with actual knowledge of its illegality.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 3, 1914, and the following opinion was filed:

TIMLIN, J. In this case there was no bill of exceptions. The appellant brought the case here upon a record which finds the validity of the contract of sale as between the parties thereto who are not the parties to this action. Also finds that the defendant intended to engage and was engaged in gambling on the market price of grain, and that the plaintiff, his broker, with knowledge of such intention and in aid thereof, advanced the money and performed the services in

question. There was therefore before the court only a record which compelled the court to either hold that one who knowingly aids a gambling transaction and expends money in so doing can recover it or that he cannot. Our answer is that he cannot. There was no such record in *Wagner v. Engel-Millar Co.* 144 Wis. 486, 129 N. W. 392. If the appellant has suffered injustice it has itself to blame for limiting us to the above question.