FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, vs. MADSON, imp., Appellant.

*September 17—October 14, 1930.*

272

For the appellant there were briefs by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod.*

For the respondent the cause was submitted on the brief of *Bundy, Beach & Holland* of Eau Claire.

ROSENBERRY, C. J.   No bill of exceptions was settled in this case.   The only question open for review is whether or not the judgment is supported by the findings of fact. *Ellis v. Frawley,* 165 Wis. 381, 161 N. W. 364; *Hoff v. Hackett,* 148 Wis. 32, 134 N. W. 132; *Kassuba Commission Co. v. Blodgett,* 155 Wis. 529, 143 N. W. 1060, 145 N. W. 177.

We cannot state the facts necessary to a consideration of the questions raised any more briefly than in the language of the findings.   After making the necessary statement of the nature of the contract and the execution of the indemnity agreement the court found:

"3. That the work, other than the construction of the bridge, included in said contract, consisted of the removal of a mill-dam owned and operated by C. O. Larson & Sons, and the building of a new mill-dam in the place of the one removed; that said road was so located that said bridge could not be constructed at that location without materially interfering with said mill-dam, and because of that situation the estimated cost of the mill-dam work was agreed upon between the parties, was paid for by said C. O. Larson & Sons, and the money so paid was applied on the contract price to pay for that portion of the work."

"7. That after said contractors abandoned their work under said contracts and were in default in the performance thereof, the proper officers of said counties and of the Wisconsin Highway Commission caused the work under each contract to be performed and completed at the expense

of said contractors and the surety on said bond, applied thereon the unpaid balance of the contract price on the respective contracts, and collected from said surety, the plaintiff, the money necessary to complete said work."

"11. That all of said contracts and transactions on the part of Dunn county, Wisconsin Highway Commission, and the plaintiff, and their respective officers and agents, were entered into, done and performed in good faith without any misrepresentation or fraud on their part."

The court found as a conclusion of law:

"That the fact that private work was included in the contract for the construction of the bridge in Dunn county and the estimated and agreed cost thereof paid for by the private parties who received the benefit thereof, when said private work was necessarily included with the public work because of the nature and location thereof, did not render said contract invalid and does not constitute any valid defense of the defendants under their indemnity agreement."

And further, that the fact that the bond given by the principal contractors and upon which the plaintiff was a surety, although in form a bond in which the village of Colfax was named as obligee, also provided that payment on the bond should be made to Dunn county, and that the same was intended as security to Dunn county for the performance of the contract, and that the irregularity constitutes no defense against the liability of the defendants under the agreement of indemnity.

The principal contention of appellant is that because the contract, the performance of which was assured, included work done for the benefit of private parties, it was void as against public policy and beyond the power of the State Highway Commission or highway committee of Dunn county to make. The court found that the work so performed for C. O. Larson & Sons was included within the contract because the bridge which was to be reconstructed was so located that it could not be reconstructed without

material interference with the dam, and that compensation for the reconstruction of the dam was ascertained and paid by the owners of the dam and the contract was entered into by the highway commission and Dunn county in good faith, without any misrepresentation or fraud on the part of either of them. Looking at the substance rather than the mere form of things under these findings it is apparent that the highway commission or Dunn county did not undertake to render a service to private parties at public expense. The dam which supported the bridge was used to furnish electrical power. It was in the interest of the county and the highway commission to have the use of the dam interrupted as little as possible. All parties entered into the arrangement because it was to their mutual advantage and was calculated to minimize the cost of the improvement. Under these circumstances we see no valid objection to the contract. In any event the contractors were fully advised as to the nature of the contract. Under such circumstances they would have become liable for a breach of contract, and the appellant as one of the indemnitors is not in a position to question the validity of the bond which was executed to secure its performance, that being the very liability against which they indemnified the surety. *Baumann v. West Allis,* 187 Wis. 506, 204 N. W. 907; *Beloit v. Heineman,* 128 Wis. 398, 107 N. W. 334; *Carroll v. National Surety Co.* 24 Fed. (2d) 268 and cases cited.

It is also urged by the appellant that the village of Colfax being named as obligee in the bond, Dunn county could not maintain an action upon the bond, that no reformation has been asked, that the surety was not liable thereon to Dunn county, and therefore plaintiff cannot maintain its action against the appellant as indemnitor on account of liability to Dunn county. The bond was in the usual form and provided that the plaintiff was "held and firmly bound

unto village of Colfax, Dunn county, Wisconsin, in the penal sum of seventeen thousand one hundred twenty-two and 21/100 dollars ($17,122.21), lawful money of the United States, to be paid to said county, for which sum of money well and truly to be paid, we bind ourselves, our heirs," etc. A copy of the contract was annexed to and made a part of the bond by reference. In the contract the parties were correctly described.

That an action may be maintained by persons other than the obligee in the bond where the bond is given for the benefit of a third person is so well established as not to be open to question. Here it expressly provided that it was for the benefit of Dunn county and that the money should be paid to Dunn county, Dunn county being the contracting party. The trial court was fully warranted in concluding that the irregularity constituted no defense to the appellant under his contract of indemnity. *Yawkey-Crowley L. Co. v. De Longe,* 157 Wis. 390, 147 N. W. 334; *Fidelity & D. Co. v. Milwaukee-Western F. Co.* 191 Wis. 499, 210 N. W. 713.

It is also urged that the bond provided that, in case of default in the performance of any contracts, plaintiff might take possession of all the equipment and complete the contract. The questions sought to be raised in support of this contention do not arise upon the findings of the court. This is also true of the contention that the damages include items not covered by the bond. The findings of the court cannot be challenged in the absence of a bill of exceptions. It is sought to help out the findings by reference to allegations in the pleadings. These may have been stricken out, amended, or otherwise dealt with in the course of the trial.

*By the Court.*—Judgment affirmed.