PARKE, AUSTIN & LIPSCOMB, INC., Respondent, vs. SEXAUER, Appellant.

*March 13—April 7, 1931.*

416

The cause was submitted for the appellant on the briefs of *Lees & Bunge* of La Crosse, and for the respondent on the brief of *George H. Gordon, Law & Gordon* of La Crosse.

WICKHEM, J. In the absence of a bill of exceptions this court is limited in its review to ascertaining whether the judgment is sustained by the pleadings and the findings. *Mt. Morris v. Hill,* 152 Wis. 116, 139 N. W. 734; *Wolfe v. Furman,* 142 Wis. 94, 124 N. W. 1039; *Ellis v. Frawley,* 165 Wis. 381, 161 N. W. 364; *Hoff v. Hackett,* 148 Wis. 32, 134 N. W. 132.

It is suggested by the respondent that since there is no bill of exceptions, and since there are no exhibits attached to the pleadings, the term "Exhibit 1" is unintelligible and that this court cannot know what Exhibit 1 was. Appellant contends that since the special verdict refers to Exhibit 1, it may be treated as part of the verdict for the purposes of review. *McDermott v. Chicago, M. & St. P. R. Co.* 91 Wis. 38, 64 N. W. 430. But whether this case is applicable or not, it is clear from the pleadings that Exhibit 1 can refer only to the contract between the parties. The pleadings in this case clearly present an issue as to conditional delivery, it being alleged in the answer that the contract in question was not intended to have any binding force as a contract until an opportunity was had to examine the books. The special verdict obviously represents an attempt to present this issue to the jury, and Exhibit 1 quite evidently refers to the contract in suit.

If questions two and three of the special verdict, as thus construed, are inconsistent, the verdict cannot be held to sustain the judgment. It is our conclusion that the answers to these questions are inconsistent. Each question plainly

presents to the jury the question whether the defendant made such delivery of the contract as was effective to give it binding force, and we cannot avoid the conclusion that the jury's answers to these questions are utterly inconsistent with each other. We are satisfied that this is not a case for the application of the rule set forth in *Claridge v. Evans,* 137 Wis. 218, 118 N. W. 198, 803, and *Lemke v. Chicago, M. & St. P. R. Co.* 39 Wis. 449, that a general finding is controlled by a specific finding inconsistent therewith, for the reason that each question is addressed with equal particularity to the same issue.

It is contended by respondent that since the court ordered judgment upon the verdict, it must be supposed that the court considered that there was no evidence to sustain the answer to question three, and that the effect of the order for judgment was to set aside the answer of the jury to question three. This involves the further contention that the propriety of setting aside the jury's answer to question three cannot be reviewed without a bill of exceptions. The difficulty with the position of respondent is that the court ordered judgment *upon the verdict,* and did not attempt to change the answer to question three. This order was in response to plaintiff's motion that judgment be rendered upon the verdict, and in the event this motion be denied, that the answer to question three be changed from "Yes" to "No" and judgment be rendered upon the verdict as so changed. Under these circumstances we are compelled to hold that the verdict does not support the judgment, and that the case must be reversed for a new trial. *Burns v. North Chicago R. M. Co.* 60 Wis. 541, 19 N. W. 380; *Kearney v. Chicago, M. & St. P. R. Co.* 47 Wis. 144, 2 N. W. 82; *Rysdorp v. George Pankratz L. Co.* 95 Wis. 622, 70 N. W. 677; *Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, 134 N. W. 144.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.