A. J. STRAUS PAYING AGENCY and another, Plaintiffs and Respondents, vs. TERMINAL WAREHOUSE COMPANY and others, Defendants and Respondents: WATCO CORPORATION and another, Defendants and Appellants.

*December 5, 1935—January 7, 1936.*

For the appellants there was a brief by *Coleman & Barry* of Milwaukee, and oral argument by *John S. Barry*.

*Harvey C. Hartwig* of Milwaukee, for the plaintiffs-respondents.

*Henry Mahoney,* receiver, and *Harvey C. Hartwig,* attorney for receiver, for the defendants-respondents.

FRITZ, J. The Watco Corporation and the Ralco Corporation are the only parties that appealed from the court's orders of February 15, 1935. In respect to the order which extended the period of redemption under the mortgages to September 12, 1936, and temporarily enjoined the lessor from terminating its lease, the transcript of the proceedings in court when that order was made on February 15, 1935,

discloses that the attorney for the appellants then stated on the record: "At the hearing on February 12th defendant Watco Corporation and Ralco Corporation registered an objection to the granting of an extension of time on the Schroeder mortgage only. As far as the present order is concerned, the grant of extension of time on both mortgages, an extension of time as far as the restraining orders affect the Railroad Company, we have no objection." By that statement, the appellants virtually consented to that order, and unconditionally waived all right on their part to object thereto. Consequently, they are not now entitled to a reversal thereof, and that order must be affirmed.

In respect to the appeal from the order, made on February 15, 1935, which authorized the receiver to execute a new agreement extending the term of the lease to Fryer and otherwise modifying the terms thereof, the receiver contends that an appeal does not lie because that was merely an administrative order authorizing the receiver to do an administrative act. The decisions in *Ajax Rubber Co. v. Western Petroleum Co.* 185 Wis. 74, 200 N. W. 668, and *Thomsen v. Gennrich,* 186 Wis. 76, 202 N. W. 168, sustain that contention.

In the *Ajax Rubber Company Case, supra,* page 77, the appeal was from an order authorizing and directing the receiver of the defendant corporation to sell the assets of the corporation in accordance with the terms of an offer submitted by a purchaser. The court then said:

". . . When a receiver is appointed, such administrative act [a sale of corporate assets] devolves upon the receiver, subject to the approval of the court. If the order in the instant case be held appealable, then an appeal may be taken from any order made by the court directing a receiver to sell any part of the assets in his possession or under his control as such receiver, and this would result in numerous appeals, which would tend to delay the final winding up of the re-

ceivership. The legislative idea with respect to the subsections of sec. 3069 [appealable orders] above referred to unquestionably was designed to prevent delays and to facilitate an early disposition of receiverships and other litigation. If a remedy is to be afforded, we must look to the legislature for relief and not to the courts.

"We therefore conclude that the order is not appealable. . . ."

Likewise, in dismissing an appeal from a similar order in the *Thomsen Case, supra,* page 80, the court said:

"The order of May 28, 1924, is principally one which directs the carrying out of the sale, directs the payment of the balance of the purchase price, the delivery of the deed, etc., and, in addition thereto, it authorizes the interpleading of certain defendants. In so far as the order directs the receiver to execute a deed free and clear of all incumbrances it is a mere administrative order, the object and purpose thereof being to carry out the provisions of the order of date of March 4, 1924, and such an order is not appealable. . . ."

It follows that the appeal from the administrative order of February 15, 1935, authorizing the receiver to extend the term of the lease, etc., must be dismissed.

On their appeal from the court's order of June 28, 1935, the appellants complain, (1) that the court erred in its finding and adjudication as to the amount payable to the receiver as net profits derived from Fryer's operation under the lease up to April 1, 1935, because the court, in arriving at that amount, had erroneously allowed as part of the deductible expenses of operation, $4,950 to be paid as salary to Fryer, and $750 paid to Robert A. Hess for office furniture; (2) that the court erred in permitting the amount of that net income to be paid in four quarter annual instalments instead of at the end of the first term of the lease; and (3) that the court had erred in directing the payment of $2,000 to Hartwig for his services for the receiver.

In order to pass upon those findings and adjudications by the court, and appellants' contentions in respect thereto, it would be necessary to review and take into consideration all of the evidence which was submitted to the court as a basis for the order under review. From a recital in that order as signed by the court, it appears that testimony was taken and was a part of the proceedings upon which the court found and determined the facts. However, no transcript of that testimony has been preserved or made part of the record by bill of exceptions. The rule is well established that on an appeal "this court is bound to accept the facts as found by the trial court unless the proof on which a review of these findings is asked is incorporated in a bill of exceptions." *Caldwell & Gates Co. v. Mennes,* 190 Wis. 551, 556, 209 N. W. 588. Consequently, in the absence of a bill of exceptions preserving the testimony taken, it is impossible to determine whether the court erred in the respects complained of; and, therefore, the order of June 28, 1935, must be affirmed.

*By the Court.*—The appeal from the order of February 15, 1935, authorizing and directing Henry Mahoney, as receiver, to execute and deliver an agreement for the extension of a lease to Edward D. Fryer is dismissed. All of the other orders appealed from are affirmed.