Rosenow and another, Appellants, vs. Schmidt and others, Respondents.

*April 11—June 21, 1939.*

For the appellants the cause was submitted on the briefs of *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls, attorneys, and *A. W. Parnell* of Appleton of counsel.

For the respondents there were briefs by *Eberlein & McCarthy* of Shawano, and oral argument by *M. G. Eberlein.*

The following opinion was filed May 9, 1939:

FRITZ, J. The appeal is from a judgment dismissing plaintiffs' complaint to recover damages sustained by them as the result of a collision between an automobile driven by the plaintiff, Mabel Rosenow, and an automobile driven by defendant, Schmidt. The judgment was entered upon defendants' motion for judgment on a special verdict returned by the jury. As there is no bill of exceptions, the review herein is limited to ascertaining whether the judgment is sustained by the pleadings and findings. *Parke, Austin & Lipscomb, Inc., v. Sexauer,* 204 Wis. 415, 235 N. W. 785. It is undisputed that the collision occurred within the intersection of Washington and Presbyterian streets in the city of Shawano; that Washington street runs north and south, and Presbyterian street runs east and west; and that Schmidt was driving north on Washington street as he approached and entered the intersection, and Mrs. Rosenow was driving east on Presbyterian street as she approached and entered the intersection, and that consequently she was on Schmidt's left side, and he was on her right side in entering the intersection. The jury found (1) that neither of the drivers was

negligent as to speed; (2) that each driver was guilty of causal negligence (a) in failing to keep the car under proper control, and (b) in failing to yield the right of way to the other; (3) that, in addition, Schmidt was guilty of causal negligence in respect to lookout; and that, by reason of the causal negligence thus found, there was attributable to each driver fifty per cent of the total negligence. Upon motions in the alternative after verdict, the plaintiffs sought to have the court amend the jury's findings, and order judgment on the verdict as amended; or, if that was denied, to have the court order a new trial. On the other hand, the defendants moved for judgment on the verdict. The court denied all of the plaintiffs' motions, and granted the defendants' motion for judgment dismissing the complaint.

On this appeal the plaintiffs contend that the court erred in granting the defendants' motion for judgment instead of ordering, on plaintiffs' motions, a new trial on the ground that the jury's findings that each of the drivers failed to yield the right of way are inconsistent; and that the jury erred in finding that fifty per cent of the causal negligence was attributable to Mrs. Rosenow, although, as the jury found, she was negligent in but two respects as compared to Schmidt's negligence in the three respects.

Under the circumstances disclosed by the record, the jury's findings that each driver was guilty of causal negligence in respect to failing to yield the right of way were clearly inconsistent. In view of the undisputed fact that Schmidt approached and entered the intersection to the right of Mrs. Rosenow, and the fact found by the jury that neither of them was driving at an excessive rate of speed, there is applicable and controlling the provision in sec. 85.18 (1), Stats., that—

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. . . ."

Under that provision both could not be found to have had the right of way. As Schmidt was on the right of Mrs. Rosenow, he had the right of way if he approached or entered the intersection at approximately the same time as Mrs. Rosenow; but she would only have the right of way if she approached or entered the intersection *before* Schmidt did. Under the test prescribed by the statute, if Schmidt had the right of way then Mrs. Rosenow did not, and the reverse' would likewise be true. Both cannot have had the right of way, and also been obliged to yield the right of way, in so far as that particular issue is concerned; but in that connection it should be noted that—

"The possession of this right does not of course justify the possessor in plunging ahead regardless of consequences nor in failure to exercise ordinary care to avoid injury to others, but the fact is an important one to be considered in deciding the question of negligence." *Glatz v. Kroeger Bros. Co.* 168 Wis. 635, 640, 170 N. W. 934. See also *Carson v. Green Cab Co.* 186 Wis. 566, 203 N. W. 394; *Lozon v. Leamon Bakery Co.* 186 Wis. 84, 202 N. W. 296; *Hansen v. Storandt,* 231 Wis. 63, 285 N. W. 370.

It follows that the court erred in not setting aside the inconsistent findings made by the jury in respect to yielding the right of way.

As the result of those inconsistent findings, the jury, in determining the percentages of causal negligence attributable to each driver, must have taken into consideration that each could have been guilty at the same time of causal negligence in respect to yielding the right of way. As that cannot be true, negligence on the part of each driver in that particular should not have been included in computing the proportions of the total causal negligence attributable to each. Consequently, as the jury's findings in that respect were probably based upon erroneous premises, it is likewise necessary to have a new trial in order to have a jury pass upon the issue of comparative negligence with proper instructions and ques-

tions for a special verdict, which are in proper form. *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 533, 252 N. W. 721. However, in this connection, it should be noted that it does not follow necessarily, as plaintiffs contend, that the jury erred in finding that fifty per cent of the total causal negligence was attributable to each driver. Although the jury found causal negligence on the part of Mrs. Rosenow in but two particulars, and causal negligence on the part of Schmidt in three, the degrees of negligence of each in the several particulars, and the extent to which it may have contributed, may have differed so materially that the total negligence of the plaintiff in but the two respects may have equaled or exceeded that of the defendant in three respects. *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151; *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556. Moreover, in the absence of a bill of exceptions preserving the evidence, there can be no review or determination as to the degree or extent to which the negligence of each driver contributed, comparatively, in causing the injury.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.

A motion for a rehearing was denied, with $25 costs, on June 21, 1939.