Bobczyk, Appellant, vs. Integrity Mutual Insurance Company, Respondent.

*October 7—December 2, 1941.*

198

For the appellant the cause was submitted on the brief of *Herman Leicht* of Medford.

For the respondent there was a brief by *Edward J. Byrne,* attorney, and *Robert L. Spanagel* of counsel, both of Appleton, and oral argument by *Mr. Byrne.*

WICKHEM, J.    There is no bill of exceptions in this case and under these circumstances the findings of the trial court cannot be challenged by the appellant.    *Fidelity & Deposit Co. v. Madson,* 202 Wis. 271, 232 N. W. 525.    It is the appellant's position that a motion for judgment notwithstanding the verdict does not challenge the sufficiency of the evidence to support the verdict.    *Maxon v. Gates,* 136 Wis. 270, 116 N. W. 758.    The court having denied defendant's motion to change the answers of the special verdict, appellant concludes that this is only consistent with an opinion on the part of the trial judge that notwithstanding such perjury as the trial court found there was sufficient evidence to support the verdict. In this state of affairs, appellant contends that the only thing the trial court could do upon finding perjury was to set the verdict aside and order a new trial.    *Earl v. Napp,* 218 Wis. 433, 261 N. W. 400.    Having expressly refused to do this, appellant claims that the trial court must enter judgment upon the verdict.

The difficulties presented by this case arise principally from the absence of a bill of exceptions.    In the absence of a bill of exceptions we are not permitted to speculate as to what happened during the course of the trial.    We are not even in a position to get help out of the issues apparently made by the pleadings because, as pointed out in the *Fidelity & Deposit Co. Case, supra* (p. 276) :

"These may have been stricken out, amended, or otherwise dealt with in the course of the trial."

While the questions of the special verdict might lead to an inference that all of the issues went to the jury and were disposed of favorably to plaintiff there were several reasons why such an inference may not be drawn.    The trial court in its memorandum states :

(1) That plaintiff and several of his witnesses committed the crime of perjury in testifying in this case.

(2) That there was conspiracy to defraud the insurance company.

The policy reads in part as follows:

"This entire policy shall be void if the assured has with intent to deceive concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof; or of the matter misrepresented increased the risk or contributed to any loss; *or in case of any fraud or false swearing by the insured* touching any matters relating to this insurance or the subject thereof, whether before or after a loss."

Whether under this clause wilful false swearing upon the trial of the action would be a substantive defense under the policy is a matter not briefed by counsel and concerning which we are unable to locate any authority. All of the cases that come to our attention involve false swearing before the trial, although in *Fink v. La Crosse Mut. Fire Ins. Co.* 203 Wis. 350, 234 N. W. 339, the false swearing in part occurred in the adverse examination before trial. While the language in the policy is sufficiently broad to include perjured testimony upon the trial we are not disposed to determine whether this is a substantive defense or whether the judge's finding of perjury is the finding of a material fact. The trial court also finds unequivocably that there was a conspiracy to defraud the Insurance Company. This certainly is a substantive defense and the memorandum of the trial court must be considered to be a finding to that effect.

We have no means of knowing without a bill of exceptions whether the pleadings were amended to set up this issue or whether the trial court's findings are against the great weight and clear preponderance of the evidence. For all we know, in the absence of a bill of exceptions, there may have been

evidence in the record supporting the verdict as to the specific matters submitted to the jury and other evidence supporting the trial court's finding of conspiracy. That this was the situation is indicated rather strongly by the trial court's refusal to set aside the verdict. Under these circumstances we have no choice but to hold the judgment supported by the findings and the findings supported by the evidence. We are disabled from undertaking the review plaintiff desires.

*By the Court.*—Judgment affirmed.