REBURG, Respondent, vs. LANG, Appellant.

*December 4, 1941—January 13, 1942.*

For the appellant there was a brief by *John H. Sweberg* and *Rex M. Smith,* both of Rhinelander, and oral argument by *Mr. Sweberg.*

For the respondent the cause was submitted on the brief of *Lehner & Lehner, Adolph P. Lehner,* and *Howard W. Eslien,* all of Oconto Falls.

FAIRCHILD, J.   Appellant came to this country and worked on the farm of respondent.   There was an indefinite assurance or promise that respondent would deed his farm to appellant. After appellant had worked for respondent for upwards of three years, differences having arisen between them, appellant began an action for the specific performance of what he alleged was a contract.   Specific performance was denied by the judgment in that action granted in October, 1937.   But it was decreed that appellant was to have the value of the serv-

ices performed together with interest and costs, and that the judgment was to be a specific lien on the premises. It is the lien of that judgment from which respondent seeks to relieve his homestead.

There is no bill of exceptions and the findings support the judgment entered below. *Fidelity & Deposit Co. v. Madson,* 202 Wis. 271, 276, 232 N. W. 525; *Parke, Austin & Lipscomb, Inc., v. Sexauer,* 204 Wis. 415, 235 N. W. 785; *Bobczyk v. Integrity Mutual Ins. Co., ante,* p. 196, 300 N. W. 909.

Appellant in the action which he brought against his employer recovered a judgment, but the record nowhere shows facts which give appellant the right to a valid lien against the homestead. The granting of any such lien in the suit for specific performance was in excess of the court's jurisdiction. The term "jurisdiction" includes not only jurisdiction over persons and subject matter but power to render a particular form of judgment as well. *Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232; *Application of Clark,* 135 Wis. 437, 115 N. W. 387. In attempting to make a judgment a specific lien on the premises so as to affect homestead rights, the court exceeded its jurisdiction and to that extent its judgment is void. 15 R. C. L. p. 841; 114 A. L. R. 263.

*By the Court.*—Judgment affirmed.