SINGER, Appellant, vs. HORN, Administratrix, and another, Respondents.

*March 12—April 7, 1942.*

For the appellant there was a brief by *Charles Swidler,* and oral argument by *Max E. Goldsmith,* both of Milwaukee.

For the respondents there was a brief by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *William A. Hayes.*

FOWLER, J.   The case was called when reached on the day calendar of March 12, 1942.   The clerk's minutes recite that

the respondents then moved to strike the bill of exceptions. The file of the case contains no bill of exceptions. The brief of appellant only assigns as error, (1) refusal to grant a new trial because the verdict "was perverse on the question of damages awarded to the plaintiff," and (2) refusal to change the answers to questions as moved by the plaintiff. It is obvious that if there is no bill of exceptions this court cannot review the case for the errors assigned. *Rosenow v. Schmidt,* 232 Wis. 1, 285 N. W. 755; *Meyers v. Thorpe,* 227 Wis. 200, 278 N. W. 462. In such case the judgment must be affirmed if the verdict on its face supports it, and the instant verdict supports it.

The appellant claims that he is entitled to rely as the bill of exceptions in this case on a purported bill in the record of the case of *Horn, Adm'rx v. Snow White Laundry & Dry Cleaning Co., Maurice Singer and General Accident Ins. Co., post,* p. 312, which involved the same accident and was tried with it. This proposed bill is designated on the cover as "Bill of Exceptions," and is entitled as in both the instant and the companion case. It is also so entitled on the first page thereof. But we do not find in the record of either case that the plaintiff in the instant case ever moved or asked for the settlement of a bill of exceptions or served any proposed bill, and respondents' counsel assert that none such was ever moved or asked or served in plaintiff's behalf; nor did the respondents or their counsel ever consent or stipulate as to the signing or settling of a bill of exceptions in the instant case. In this situation we must hold that there is no bill of exceptions in the instant case and that judgment of the circuit court must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.