SMITH and another, Appellants, vs. SUPERIOR & DULUTH TRANSFER COMPANY and another, Respondents.*

*May 18—June 16, 1943.*

* Motion for rehearing denied, with $25 costs, on September 14, 1943.

For the appellants there were briefs by *Crawford & Crawford* of Superior, and oral argument by *Raymond A. Crawford.*

For the respondents there were briefs by *Johnson, Fritschler & Barstow* of Superior, and oral argument by *Barney B. Barstow.*

FOWLER, J. The plaintiff Elizabeth Smith, hereinafter referred to as "the plaintiff," was injured by being struck by a truck of the defendant transfer company while walking across a city street, and she and her husband sue the transfer company and its insurer to recover damages for their respective injuries sustained as a result of the collision. The complaint is grounded on alleged negligence of the driver of the truck in its operation. Trial was to a jury. The jury by special verdict found the truck driver not negligent as to lookout, not negligent as to control of his truck, and causally negligent as to yielding the right of way, and found the plaintiff not negligent as to lookout, and causally negligent as to yielding the right of way. No other questions as to negligence of either party were submitted or requested. The jury apportioned the comparative negligence of the plaintiff at seventy per cent and the driver at thirty per cent. The court on this verdict under the comparative-negligence statute, sec. 331.045, entered judgment dismissing the complaint on the merits. The plaintiff duly moved for a new trial on the ground that the verdict was fatally inconsistent in finding both the plaintiff and the truck driver negligent as to yielding the right of way. The court did not decide this motion within sixty days from rendition of the verdict, and no order extending the time for hearing was made, so that the motion became denied under sec. 270.49 (1), Stats.

The crucial question of fact in the case is: Was the plaintiff on the crosswalk when the collision occurred? It was plainly

a jury question whether plaintiff was on the crosswalk when struck. If she was, the defendant driver was negligent as matter of law under sec. 85.44 (1), Stats., which provides that "The operator of any vehicle shall yield the right of way to a pedestrian crossing the highway within any marked or unmarked crosswalk at an intersection except . . . where the movement of traffic is being regulated by traffic officers or traffic control signals." At the instant intersection there were neither traffic officers nor control signals to regulate traffic. *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331. If the plaintiff was not on the crosswalk when struck, she was negligent in respect of yielding the right of way as matter of law under sec. 85.44 (4) which provides that "Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway." *Brewster v. Ludtke,* 211 Wis. 344, 247 N. W. 449. Under the two statutes cited both parties could not be negligent as to yielding the right of way. If either was negligent as to yielding the right of way, the other was not negligent in that respect. The point is expressly covered by *Rosenow v. Schmidt,* 232 Wis. 1, 285 N. W. 755, where two automobile drivers were both held guilty of negligence in respect of yielding the right of way at a street intersection. The rule of that case for like reason applies as well to a pedestrian and a driver as to two drivers. In that case, as here, it was contended that one although having the statutory right of way is negligent if he goes ahead regardless of consequences for failing to use ordinary care to avoid injury, and that one so negligent is guilty of failing to yield the right of way. But failure to use ordinary care in this respect is not failure to yield right of way on a highway, which is a statutory matter where there are statutes defining it. Conceivably one could be said not to have a right of way over another when by not exercising his statutory right he can by

exercise of ordinary care avoid a collision. But this is not yielding right of way in the sense of the statutes declaring such right, and to avoid misapprehension and confusion the expression "yielding the right of way" should be used in questions of a special verdict and in instructing the jury only in the statutory sense. The instructions of the court in the instant case show that the term "yielding the right of way" was used in the statutory sense. Question (1) of the verdict inquired whether the truck driver was negligent in respect of "yielding the right of way," and question (3) inquired whether the plaintiff was negligent in that respect. In connection with questions (1) and (3) the court instructed "That the operator of any vehicle shall yield the right of way to a pedestrian crossing the highway within any marked or unmarked crosswalk at any intersection except where the traffic is regulated by traffic officers or traffic control signals. Here there was no traffic officer and no traffic control signals. And this statute further provides that every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

It may properly be suggested that whenever in trying collision cases question arises whether a pedestrian or the driver of a vehicle had the right of way, the crucial question first above stated might better be submitted, Was the plaintiff on the crosswalk when struck?—the verdict completed by submitting further appropriate questions of ultimate fact in connection therewith; and the jury given the statutory definition of "crosswalk." This will avoid both confusion as to the meaning of right of way and the inconsistent findings respecting it here present.

There is a controversy between counsel as to what constitutes the "crosswalk" at street intersections. The statutory definition of the term is: "That portion of the highway or-

dinarily included within the prolongation of the curb and property lines at intersections or any other portion of a highway clearly indicated for pedestrian crossing by lines or other markers on the surface." Sec. 85.10 (23), Stats. Plaintiffs' counsel contends that the crosswalk always comprises the space between the lines indicated by the statute; it may be wider if "clearly indicated" by "marks," but may not be narrower. Defendants' counsel contends that if there are "marks" clearly "indicating," the crosswalk is the space between those "marks." The defendants' counsel is obviously correct. The language of the statute "or any other portion" clearly so shows.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial is ordered unless the parties shall stipulate for other determination of the case.

The following memorandum was filed September 14, 1943:

PER CURIAM (*on motion for rehearing*). The defendants move for rehearing. The only points raised are, (1) that the mandate should be changed to limit the new trial ordered to the issue of negligence; and (2) to direct that the costs of the new trial should not go against the defendants because "it is an unjust burden upon the defendants to assess the costs of a new trial upon them."

The mandate of the court at conclusion of the opinion filed reads: "The judgment of the circuit court is reversed, and a new trial is ordered unless the parties shall stipulate for other determination of the case."

(1) While the plaintiffs did not argue before us the issue of damages or include in the bill of exceptions the evidence as to the plaintiff's injuries, one of the grounds of the motion for a new trial in the court below was that the damages as-

sessed are inadequate. We are of the view that the new trial should cover all the issues.

(2) The terms of the mandate do not direct nor require that the costs of the new trial shall go against the defendants. The terms imply that the costs of both trials shall abide the event of the new trial. The mandate is construed as so providing.

The motion for rehearing is denied. The plaintiffs will recover the costs of this court on the appeal with $25 costs on the motion for rehearing.