ELKHORN PRODUCTION CREDIT ASSOCIATION, Appellant, vs. JOHNSON, Respondent.

*September 10—October 14, 1947.*

The cause was submitted for the appellant on the brief of *Lyman K. Arnold* of Elkhorn, and for the respondent on the brief of *James S. Fornary* of Racine.

FRITZ, J.  The facts which are material on this appeal are not in dispute; and, as there is no bill of exceptions, the issues raised by appellant as to whether the judgment, in so far as it dismisses the complaint against the respondent, Herman R. Johnson,—is warranted by facts found by the court, must be determined, as appellant contends, upon such matters of fact as are stated in the court's findings.  *Bobczyk v. Integrity Mut. Ins. Co.* 239 Wis. 196, 199, 300 N. W. 909; *A. J. Straus Paying Agency v. Terminal W. Co.* 220 Wis. 85, 90, 264 N. W. 249.  However, that rule is not applicable to the statements, which, although made by the court in the course of or in connection with its findings of fact, or which are so designated by the court, constitute in reality conclusions of law upon facts which are undisputed or rightly found by the court. As to all such matters the court's determination thereof is subject to review and to reversal, if erroneous, even though there is no bill of exceptions.  *Mars, Inc., v. Chubrilo,* 216 Wis.

313, 318, 257 N. W. 157; *Blaha v. Borgman,* 142 Wis. 43, 124 N. W. 1047; *Shaw v. Crandon State Bank,* 145 Wis. 639, 650, 129 N. W. 794; *Sherman v. Madison Mut. Ins. Co.* 39 Wis. 104.

In the case at bar the material matters of fact on this appeal, which are stated in the findings, are to the following effect. The respondent signed the note as an accommodation maker for his son, with the knowledge of plaintiff, the payee and holder thereof, and in connection with and as security for the note, the son gave plaintiff as security for the note a chattel mortgage on certain farm machinery, including a tractor, the value of which machinery exceeded the amount of the note. Subsequently, plaintiff without respondent's knowledge agreed with the son to release the lien of the mortgage on the tractor, and upon respondent's being advised that the son sold the tractor, respondent immediately conferred with plaintiff and objected to its releasing said lien thereon and informed the plaintiff that respondent would assume no further obligation on the note. But plaintiff released said lien over respondent's objection and without his knowledge. When the note became due the son defaulted in the payment thereof.

In connection with finding the above-stated matters of fact, the court stated also,—as an apparently intended finding of fact,—that respondent "in the execution of the note of April 16, 1945, payable to the plaintiff as an accommodation maker was a surety and secondarily liable on the note." In so far as the court thus stated that *respondent,* "as an accommodation maker *was . . . secondarily liable on the note,"* the court's determination to that effect constituted, in reality, a conclusion of law and not a finding of fact. Therefore said determination is not entitled to the binding effect on an appeal which must be otherwise accorded to findings of fact in the absence of a bill of exceptions. (*Mars, Inc., v. Chubrilo, supra; Blaha v. Borgman, supra; Shaw v. Crandon State Bank, supra; Sherman v. Madison Mut. Ins. Co., supra*) ; and

consequently that conclusion of law is subject to review on this appeal. In passing upon that conclusion it must be noted at the outset that under the facts herein there are applicable to plaintiff and likewise the respondent, as the accommodation maker, the provisions in sec. 116.34, Stats., that,—

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. *Such a person is liable* on the instrument *to a holder for value, notwithstanding such holder* at the time of taking the instrument knew him to be only an accommodation party."

Under and by virtue of particularly the provision in said last sentence, there are likewise applicable to respondent the provisions in sec. 116.01, Stats., that—

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay same. All other parties are 'secondarily' liable."

In view of those provisions, the trial court was clearly in error in stating, as a finding of fact, that respondent was secondarily liable on the note. Moreover, as under secs. 116.34 and 116.01, Stats., the respondent was primarily,—and not merely secondarily,—liable to plaintiff, even though it knew him to be only an accommodation party, there are not applicable under the facts herein the provisions in sec. 117.38 (4a), Stats., that—

"A *person secondarily liable* on the instrument is discharged: . . . By giving up or applying to other purposes collateral security applicable to the debt, or, there being in the holder's hands or within his control the means of complete or partial satisfaction, the same are applied to other purposes."

In *Bosworth v. Greiling*, 213 Wis. 443, 448, 250 N. W. 856, the action was to recover on a note signed by the defendant Greiling as an accommodation maker. His second contention was—

"that it should be held that the note was discharged, since the defendant was an accommodation maker, and the bank from time to time, as the company deposited moneys with it, had within its control the means of complete satisfaction of the note."

In relation to that contention this court said (pp. 449, 450):

"The difficulty with defendant's second contention is that, while he was an accommodation maker, his liability to the bank was primary. Sec. 116.01, Stats., provides: 'The person "primarily" liable on an instrument is the person who by the terms of the instrument is absolutely required to pay same. All other parties are "secondarily" liable.' [Quoting sec. 116.34, *supra*.] . . . It seems clear, therefore, that the defendant was primarily liable to the bank even though the bank knew him to be only an accommodation party. *Schoenwetter v. Schoenwetter*, 164 Wis. 131, 159 N. W. 737; *Rosendale State Bank v. Holland*, 195 Wis. 131, 217 N. W. 645. The contention that defendant was discharged because the bank at various times had within its control the means of complete or partial satisfaction of the note is based upon sec. 117.38 (4a.) —[*supra*]. That section is obviously not applicable to the facts here since the defendant was primarily, not secondarily, liable to the bank. We think defendant's second contention without merit."

Those conclusions and the resulting decision in the *Bosworth Case, supra,* based primarily upon the provisions in the statutes cited and quoted therein, were fully warranted thereby. The court's decision is in conflict with the decision in *State Bank of La Crosse v. Michel,* 152 Wis. 88, 139 N. W. 748, 139 N. W. 1131, which is not cited in the opinion in the *Bosworth Case,* but in which the court held that an accommodation maker of a note was discharged from liability thereon by the holder thereof giving up or applying to other purposes collateral security applicable to payment of the note. That conclusion was, however, apparently reached without taking into consideration the provisions in secs. 116.01 and 116.34, Stats., because of which the court decided as it did in the

*Bosworth Case.* Consequently, as the respondent herein is primarily instead of secondarily liable on the negotiable instrument in question, there are not applicable to him the provisions in sub. (4a) of sec. 117.38, Stats. Consequently, the court erred in dismissing the complaint against him, instead of entering judgment for plaintiff's recovery from also the respondent of the amount owing on the note.

*By the Court.*—The portion of the judgment appealed from is reversed and cause remanded with directions to enter judgment for plaintiff's recovery from also respondent of the amount owing on the note.