Rockford Bell Credit Union, Plaintiff-Appellant, v. Walter R. White, et al., Defendants-Appellees.

**Gen. No. 11,733.**

Second District, First Division.

August 29, 1963.

Bernard P. Reese, Jr., of Rockford, for appellant.

Miller, Thomas, Hickey & Collins, of Rockford (Edwin T. Powers, Jr., of counsel), for appellees, McClintock, Stone, and Lister.

DOVE, J.

Just when the relationship of debtor and creditor between plaintiff, Rockford Bell Credit Union, and Walter R. White began, does not appear from this record. It does appear, however, that on March 6, 1959, White executed a note for $5,000, payable to Rockford Bell Credit Union, and secured its payment by a chattel mortgage. The property described in the chattel mortgage was, "A 1957 Palace Trailer Coach, Serial No. 1045-57-13550." This indebtedness was to be liquidated by "payments of $90 or more each month," and the mortgage recites, "This mortgage to further keep secure any renewals, extensions, or new notes signed by said mortgagor which include any or all of the aforesaid principal balance."

On December 4, 1959, this loan was refinanced and a new note was executed by Mr. White and delivered to the plaintiff and the note of March 6, 1959, was cancelled. On October 11, 1960, a similar transaction was had, and at that time the note of December 4, 1959, was cancelled and surrendered to Mr. White and a new judgment note of that date for $5,000 was executed by Walter R. White, Mrs. Cecilia White, Wayne L. McClintock, Kenneth Stone, and George Lister, and delivered to the plaintiff.

On August 22, 1961, there was due on this note $4,386.39 and judgment was rendered on that date, by the Circuit Court of Winnebago County, in favor of the plaintiff and against all the makers of the note for this sum, together with $554.63, attorney fees, as provided by the warrant of attorney.

Upon the motion of Messrs. McClintock, Stone, and Lister, supported by the affidavit of George Lister, an order was entered, opening this judgment as to these defendants, directing that the lien of the judgment stand as security, and granting these defendants leave to answer the complaint.

Pursuant to this order, an answer was filed by these defendants, admitting the execution of the note, but averring as an affirmative defense, that plaintiff, through its duly authorized agents, represented to defendants that it had a good and valid chattel mortgage as security for said note; that said chattel mortgage was on a certain Palace House Trailer, 1957 Model, Serial No. 1045–57–13550, which had a value in excess of the principal amount of the note; that relying upon this representation, defendants signed the note; that none of these defendants received any consideration for executing the note and did not receive any of the proceeds represented by the note; that on or about December 11, 1961, these defendants discovered that plaintiff did not have a valid chattel mortgage on said trailer; that plaintiff had taken a chattel mortgage on said trailer, but failed to record the same, and as a result thereof, had no valid lien thereon as security for the payment of said note; that Walter R. White has been adjudicated a bankrupt, and that the Federal Court, which made the adjudication, has entered an order in the bankruptcy proceedings, declaring said mortgage void and of no force and effect. A reply to this answer was filed by the plaintiff, denying the allegations of the affirmative defense.

The issues thus made by the pleadings were submitted to the court, without a jury, resulting in an order finding the issues for the defendants, and vacating the judgment as to defendants, McClintock, Stone, and Lister. To reverse this order plaintiff appeals.

The note, upon which the judgment herein was rendered, is dated October 11, 1960. It is signed by Walter R. White, Mrs. Cecilia White, Wayne L. McClintock, Kenneth Stone, and George Lister. It is for the principal sum of $5,000, and was payable in installments of $90 per month with one per cent (1%) interest per month on the balance remaining unpaid.

It contained the usual power of attorney authorizing any attorney of any court of record to appear for defendants at any time hereafter and confess judgment, without process, in favor of the holder of the note for such amount as may appear unpaid thereon, together with costs and reasonable attorney fees. The concluding paragraph of this note reads: "This note is secured by wage assignments and/or a chattel mortgage of even date herewith, given to the Rockford Bell Credit Union on personal property situated in Rockford, Illinois."

It is conceded that a valuable consideration passed from appellant to Walter R. White at the time of the execution of this note and that appellant is a holder for value of this note. It is not contended that any agent or representative of appellant ever had any conversation with appellees or that anyone ever represented to appellees that appellant had any security for the payment of this note. It is insisted, however, that appellees did believe that appellant had security for the payment of this note; that they were led into this belief because the note they signed recited: "This note is secured by wage assignments and/or a chattel mortgage of even date herewith."

It was the contention of appellees in the trial court, and they insist in this court, that this concluding paragraph in the note was a misrepresentation of a material fact; that it led them to place their signatures on this note in the belief that appellant had security for the payment of this note, which it did not have; that the evidence discloses that the chattel mortgage referred to as such security, was executed by Walter R. White, and Cecilia White in 1959, to secure a loan made by Rockford Bell Credit Union, to them at that time and that the mortgage was not filed for record in the county where the mortgaged property was located, and therefore constituted no valid lien. In support

321

of this contention, counsel cite and rely upon Kehl v. Abram, 112 Ill App 77, and Hill v. Coates, 127 Ill App 196.

Kehl v. Abram, 112 Ill App 77, was an action for fraud and deceit. The declaration charged that the defendant falsely and fraudulently represented to the plaintiff that a certain note of $2,000, secured by a trust deed on certain described real estate, was a valid and first lien upon said real estate, and that there were no other trust deeds or mortgages upon said premises prior to or ahead of the lien of said trust deed. The declaration further charged that these representations were not only false and fraudulent, but were known to the defendant to be false and were made for the fraudulent purpose of inducing the plaintiff to purchase said trust deed and note. The court, in affirming a judgment on a verdict of a jury for the plaintiff, stated that the evidence was conflicting, but tended to prove the allegations of the declaration. In its opinion, the court quoted from Antle & Bro. v. Sexton, 137 Ill 410, at pages 413 and 414, 27 NE 691, where it is said: "Where a misrepresentation is made as to a material fact, and such misrepresentation is made knowingly, and for the express purpose of deceiving and defrauding, and the party injured relies upon the statement made, and under circumstances which would induce a reasonably prudent man to so rely, there must be a right of action at law for fraud and deceit."

In Hill v. Coates, 127 Ill App 196, a landlord and tenant entered into an arrangement, whereby the landlord agreed to loan his tenant a certain amount of money, and the tenant agreed to execute a first mortgage on certain personal property to secure the payment of the loan. A chattel mortgage was executed by the tenant, who told the agent of the landlord that it was a first lien on the property described therein, and that there was nothing ahead of it. The agent of

the landlord examined the records, and finding nothing ahead of this chattel mortgage, filed the mortgage for record, and gave the tenant the consideration therein named. Thirty minutes prior to the recordation of the landlord's chattel mortgage, another chattel mortgage upon the same property, executed by the tenant to another party to secure the payment of $1,950, was filed for record. The failure of the agent of the landlord to find a record of this prior mortgage was due to a custom in the recorder's office of placing instruments filed for record in a pigeon-hole, and not entering them on the entry book until the close of the day's business. In sustaining a judgment in favor of the landlord based upon an action for fraud and deceit, the court said that the representations of the tenant to the agent of the landlord to the effect that the chattel mortgage was a first lien on the property therein described, and that there was nothing ahead of it, were false and fraudulent representations as to an existing fact that the party who made these representations knew them to be false and fraudulent, and that the plaintiff relied thereon as true and was mislead and damaged thereby.

The facts in the instant case are not analogous to those in either the Hill or Kehl cases. No fraudulent statements or misrepresentations were made by any agent of appellant to any of the appellees with an intent, or for the purpose, of deceiving or defrauding them. The wage assignment from White was taken and each accommodation maker likewise executed a wage assignment to appellant. A chattel mortgage on the 1957 Palace Trailer, dated March 6, 1959, signed by Walter R. White, and delivered to appellant, was admitted in evidence upon the hearing. This mortgage was not filed or recorded, but it was executed by White, and delivered to appellant, when White made a previous loan and it continued to remain in the possession of appellant after the execution of the note

323

sued on. Robert Melvin testified upon this hearing that he was treasurer of appellant and custodian of the records of loans made by it to the employees of Illinois Bell Telephone Company, who were members of the Rockford Bell Credit Union. He further testified that at that time he took title to this trailer as security for the loan.

Elkhorn Production Credit Ass'n v. Johnson, 251 Wis 280, 29 NW2d 64, was an action brought by the Elkhorn Production Credit Association against Howard R. Johnson and Herman R. Johnson, to recover on a promissory note for a loan made by the plaintiff to Howard R. Johnson. The note sued on was executed by Howard R. Johnson and his father, Herman R. Johnson, who executed the note as an accommodation maker, with plaintiff's knowledge. To secure the payment of the note, the son gave the plaintiff a chattel mortgage on farm machinery, including a tractor. The tractor was sold by the son, with the permission of the plaintiff, and released by the plaintiff from the lien of the mortgage. The value of the mortgaged property exceeded the amount of the note. The father, hearing of the intended sale and release, instructed the plaintiff not to release the tractor from the lien. Upon the trial the son defaulted and the father alleged, as a defense, that plaintiff's release of its lien on the tractor operated to discharge him from his liability on the note. The trial court sustained this defense and dismissed the action as to the father and rendered judgment for the father.

The Wisconsin Statute provides: "The person 'primarily' liable on an instrument is the person who, by the terms thereof, is absolutely required to pay the same. All other parties are 'secondarily' liable." (Wis Stats 1945, § 116.01). "An accommodation party is one who has signed an instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other

324

person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." (Wis Stats 1945, § 116.34.)

After quoting these statutory provisions, the court held that the father, under the applicable statute, was primarily liable to the plaintiff for the payment of the note, and that although he was an accommodation maker, he was not discharged by the act of the plaintiff in releasing its lien on the son's farm machinery. Accordingly, the court reversed the judgment of the trial court and remanded the cause with directions to render judgment for the plaintiff and against the father. Our statute is substantially the same as Wisconsin. "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, for the purpose of lending his name to some other person. Such a person is liable on the instrument to the holder for value, notwithstanding such holder, at the time of taking the instrument, knew him to be only an accommodation party, and in case a transfer after maturity was intended by the accommodating party, notwithstanding such holder acquired title after maturity." (Ill Rev Stats 1961, c 98, § 49.) "The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable." (Ill Rev Stats 1961, c 98, § 214.) "The maker of a negotiable instrument, by making it, engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse." (Ill Rev Stats 1961, c 98, § 80.)

What the note in the instant case said was that it was secured by wage assignments "and/or a chattel mortgage of even date herewith." The use of such combination of words as, "and/or" has been frequently condemned in unmeasured terms by the leaders of the bar and by the courts, and has been characterized

325

as a "barbarism," "accuracy destroying symbol," and as a "pollution of our language." (City Nat. Bank & Trust Co. v. Davis Hotel Corp., 280 Ill App 247, 252, and cases therein cited.) A Wisconsin case refers to this combination of words as "that befuddling, nameless thing, that Janus-faced verbal monstrosity, either word nor phrase, the child of a brain of someone too lazy or too dull to express his precise meaning, or too dull to know what he did mean." (Employers Mut. Liability Ins. Co. v. Tollefsen, 219 Wis 434, 263 NW 376, quoted in Albers v. Indemnity Co., 283 Ill App 260, 266.) In Tarjan v. Nat. Surety Co., 268 Ill App 232, at page 241, the author of the opinion quotes from an article in the August, 1932, issue of the American Bar Association Journal, where, referring to the use of "and/or," the author says: "If a writer means to use the conjunctive, he should employ the word 'and,' and if he means to express the disjunctive, he should use the word 'or,' but to use this expression, 'and/or' is indicative of confused thought, which should have no place in either a statute or a legal document."

The judgment order appealed from is reversed.

Judgment order reversed.

McNEAL, PJ and SMITH, J, concur.