## IN RE BAKER.

*September 22 — October 9, 1888.*

VOLUNTARY ASSIGNMENT: APPEAL TO S. C. *(1, 2) Final settlement of assignee's accounts: Bill of exceptions: Review of intermediate order. (3, 4) Objections to assignee's accounts: By whom and when to be made.*

1. A final order settling the accounts of an assignee for the benefit of creditors and discharging him and his sureties, which shows on its face that it was made after hearing evidence, cannot be reversed upon the merits unless a bill of exceptions has been settled.

2. Upon an appeal from a final order settling the accounts and discharging an assignee for the benefit of creditors, an intermediate order discharging an order that the assignee show cause why he should not pay a certain sum to a creditor and that he appear and submit to an examination and produce his books and accounts in court, is reviewable, under sec. 3070, R. S., and error therein will work a reversal of the final order appealed from.

3. A creditor who was preferred in a voluntary assignment, but who afterwards made an assignment himself under the insolvent laws, has no authority to make objections to the accounts of the assignee under the voluntary assignment.

4. Objections to the accounts of an assignee for the benefit of creditors must be taken at the time fixed for the final settlement of such accounts.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

Robert A. Baker made a voluntary assignment to *C. H. Benton* in accordance with the statute on that subject. John C. Pierron was a preferred creditor for a large amount. After the assignment of said Baker, Pierron made an assignment under the insolvent debtor act, and *John Hughes* was appointed his assignee. *Benton* as assignee filed a report of his proceedings as such assignee in the circuit court of Fond du Lac county, and thereupon applied to said court for a settlement of his accounts as assignee of

Baker. This report was filed April 29, 1887. On June 20, 1887, Pierron, by his attorney, filed objections to *Benton's* account. On July 2, 1887, *Hughes* made and filed an affidavit in the case, in which he admits that he gave his written consent to the discharge of *Benton* and to the allowance of his account; but states that, upon information and belief, the charge made by *Benton* as assignee for his services is excessive, and that the charges made for attorneys' fees are also excessive; and asks the court to " make an order requiring *Benton* to pay over to him, as assignee of Pierron, all moneys in his hands belonging to the estate of Robert A. Baker, excepting a just and reasonable amount for the services of said assignee, and just and reasonable compensation for the services performed by his attorneys." On the filing of this affidavit the court made an order, July 2, 1887, requiring *Benton*, as assignee, "to file an itemized statement of his account, and also an itemized statement of the amount paid to the attorneys in the matter." On July 11, 1887, *Benton* filed the itemized statement as required by the order of July 2, 1887.

On the 17th day of October, 1887, *Hughes* made an application to the court for an order to show cause why the assignee should not be required to pay over to him, as assignee of Pierron, the sum of $2,975.12; and requiring the assignee to appear before the said court on the 19th of November, 1887, at 2 o'clock P. M., and submit to an examination in open court in reference to his accounts; and that said *Hughes* have witnesses upon said examination. This order to show cause was based mainly upon an affidavit of said *Hughes*, in which he charges that the account of *Benton* for his services as assignee is greatly in excess of the value of such services; also that the charges in his account for counsel and attorney's fees are exorbitant and unjust, and that after allowing all reasonable charges for his personal services and for counsel fees there would be in his

hands about the sum of $2,975.12, which is justly due to the creditors of Baker, and to *Hughes* as assignee of Pierron, the preferred creditor of said Baker. Upon this affidavit, and the affidavit of one T. L. Baker, and upon the assignment papers and the final report of *Benton* as assignee, the court made an order on said *Benton* to show cause on the 19th of November, 1887, at 2 o'clock, P. M., why an order should not be made requiring said *Benton* to pay over to said *Hughes*, assignee, etc., the sum of $2,975.12; and also requiring the said *Benton*, assignee, to appear before the judge of the circuit court of Fond du Lac county on the said 19th of November, 1887, and submit to an examination upon oath as to the business affairs and condition of said estate, together with his accounts as assignee against said estate; and that he produce in court all books and accounts kept by him as assignee of said estate; and that *John Hughes*, assignee, etc., be permitted, and freely is permitted, to produce witnesses in court upon such examination.

The record shows that the hearing of the order to show cause was continued until December 24, 1887, when the following proceedings were had thereon: "Order to show cause coming on to be heard, C. S. Matteson, Esq., appearing for, and E. S. Bragg and T. W. Spence in opposition thereto, motion for extension of time to file objections was denied;" and the following order was entered as of the July term, 1887: "[*Title of Cause*.] The above-entitled matter having come on to be heard upon the order to show cause, and annexed papers, dated November 14, 1887, why an examination of *C. H. Benton*, assignee, aforesaid, together with his books and accounts of said estate, and his account for services against said estate, should not be heard, on behalf of one *John Hughes*, and said order coming on to be heard at the same time and in connection with the motion of said assignee for the allowance of his account in said matter, and it appearing to the court that the

time to file objections to said account had long since expired, and no objections thereto had been filed for or on behalf of said *John Hughes*, and no application for leave to file such objections after the time having been made, and the written stipulations of said *John Hughes* having been filed consenting to the allowance of said final account: It is ordered that said order to show cause be, and the same is hereby, dismissed, and the order prayed for therein denied."

Exceptions were duly taken to this order by the appellant; and afterwards a final order was made in said proceedings, dated December 24, 1887. The following is a copy of such final order:

"The final report of *Charles H. Benton*, assignee of the estate of Robert A. Baker, having been filed in the office of the clerk of this court on the 25th day of May, 1887; and said assignee having given due notice by mail, as required by law, that on June 20, 1887, at the opening of the court on that day, or as soon thereafter as counsel can be heard, he would apply for the final settlement of said final report and account; and said application having come on for hearing on said day, and no one appearing or objecting thereto except one J. C. Pierron; and thereafter the hearing having been continued by consent of parties from time to time to this 24th day of December, 1887, and to the present term of this court; and the said matter having been this day heard by and before the court; and the court being satisfied from the evidence and an examination of said account that the same is true and correct, and that compensation and expenses of said assignee are just and reasonable: Now, therefore, on motion of Spence & Hiner, attorneys for such assignee, it is ordered that the accounts, compensation, and expenses of such assignee be, and the same hereby are, settled, adjusted, and allowed; and that said assignee, *Charles H. Benton*, be, and hereby is, discharged from his said

trust and office; and it is further ordered that said assignee, and the sureties on his official bond, be, and they hereby are, discharged and relieved from all further liability by virtue thereof."

From this final order the said *Hughes* appeals to this court.

The cause was submitted for the appellant on the brief of *C. S. Matteson*, attorney, and *Henry J. Gerpheide*, of counsel, and for the respondent on that of *Spence & Hiner*, attorneys, and *Chas. Quarles*, of counsel.

TAYLOR, J. No bill of exceptions was settled in the case, and upon this appeal this court can pass only upon such matters as appear on the face of the record of the case. The record shows no exceptions taken to the order of the court requiring the assignee to make a further and itemized report of his accounts, etc., made July 2, 1887; nor is any exception taken because the court did not, upon the application then made by *Hughes*, require the assignee, *Benton*, to pay over to him any sum or sums of money in his hands and not then expended. All parties seem to have been satisfied with the order requiring a further and itemized statement of his accounts and of the sums paid out for attorney's fees. When this account was filed no further action was taken by the appellant *Hughes* until the 17th of October, 1887, two months and a half after such account was filed. Then he filed an affidavit, and obtained an order to show cause, dated October 24, 1887. On the hearing of this order to show cause, the circuit court dismissed the order, for the reasons stated therein, viz., "that the time to file objections to said account had long since expired, and no objection thereto had been filed for or on behalf of said *Hughes;* and no application for leave to file such objections after the time having been made, and the written stipulation of said *John Hughes* having been filed consenting to

the allowance of said final account," the order to show cause is dismissed. To this order exceptions were taken by said *Hughes*, and exceptions were also taken to the final order settling the accounts of the assignee and discharging him from his trusts as such assignee.

It is very clear that this court cannot reverse the final order upon its merits without the settlement of a bill of exceptions, as the order shows on its face that it was made after hearing the evidence, as well as upon a simple examination of the account. We must presume that the account was sustained by the evidence produced before the court, in the absence of a bill of exceptions showing the evidence or showing that no evidence was in fact produced before the court on such final hearing.

But it is urged that the court erred in discharging the order to show cause, made on the 24th day of December, 1887. Upon this appeal we think this intermediate order is also before this court for review. See sec. 3070, R. S. And if there is enough in the record to show that it was erroneously discharged, we think it is an order affecting the merits of the case, and an error in refusing to grant it would be such an error as should reverse the final order or judgment in the case. The learned counsel for the appellant insist that they were entitled to this order under the provisions of ch. 240, Laws of 1883. We do not think the order was made under that law. That chapter seems to be intended to aid the parties in an assignment to obtain evidence to be used on the final hearing, or perhaps before the final hearing. This order was undoubtedly made by the circuit court as an exercise of its powers as a court, and not under that statute. Is there enough in the record to justify us in reversing the order of the court dismissing the same? We are clearly of the opinion that there is not.

The order recites that no objections were taken to the account filed, and that no application for an extension of

In re Baker.

time had been made, and also that a written stipulation by *Hughes* consenting to the allowance of the account had been filed in the case.   It is true there is no such stipulation returned to this court, but such stipulation is referred to in the affidavit of *Hughes* made July 2, 1887, upon which he obtained the first order to show cause above referred to. There are no formal objections made to the allowance of the account of the assignee except those made by John C. Pierron, June 20, 1887.   Pierron having made an assignment long before that time under the insolvent laws of this state, was no longer a creditor of Baker, and had no authority to make objections to the allowance of the account of Baker's assignee.   If the affidavit made by *Hughes* on the 17th day of October, 1887, could be treated as objections to the account of the assignee, we cannot say upon this record that such objections were filed in time.   The statute evidently contemplates that objections shall be taken by the creditors at the time fixed for the final settlement of the accounts.   That time was fixed, as appears from the recitals in the order of settlement, on the 20th of June, 1887.

We are unable to say upon this record that any error was committed by the circuit court in proceeding to discharge said assignee, or in allowing his accounts.

*By the Court.*— The order appealed from is affirmed.