Jos. Schlitz Brewing Company, Respondent, vs. Washburn Brewing Association and another, Appellants.

*September 9—September 27, 1904.*

(1,2) *Contempt: Imprisonment: Duration.* (3) *Appeal from order: Bill of exceptions.*

1. Punishment for contempt of court by imprisonment or fine and imprisonment is not governed by sec. 4633, Stats. 1898, as to the necessity for specifically limiting the time of confinement.
2. In a case governed by sec. 3492, Stats. 1898, an order providing for punishment for contempt by fine, or a fine and the expenses

of the proceedings, may properly, as to imprisonment, to enforce such payment, provide that it shall be till such payment be made.

3. When a controversy shall have been determined upon evidence and closed by an order, such determination cannot be reviewed upon the merits on an appeal from such order without a bill of exceptions.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from an order adjudging defendants guilty of contempt and requiring of them payment of a fine of $200 and the costs and expenses of the contempt proceedings, taxed at $465, any item included therein not to be again taxed against the defendants in the action, and adjudging that defendant *Flynn* should be imprisoned in the county jail of Bayfield county till payment of such fine and costs and expenses. The action was to prevent defendants from engaging in brewery business, or the wholesale or retail beer business, for five years subsequent to July 1, 1903, in the town of Washburn, Wisconsin, said brewery company, for a sufficient consideration, having contracted with plaintiff not to do so. A temporary injunction was duly granted in the action, restraining defendants from doing the things complained of pending the final determination thereof. The defendants were thereafter charged with violating such injunction, and they were in due form ordered to show cause before the court why they should not be punished for contempt. Such proceedings were thereafter duly had that defendant *Flynn* was required to answer interrogatories propounded pursuant to sec. 3488, Stats. 1898. Answers were duly made. Issues were duly formed in respect thereto, and the testimony in respect thereto was, by order of the court, taken at length before a referee. Thereon, and on the interrogatories, the answers thereto, and affidavits filed in the proceeding, the court found against the defendants and entered the order appealed from. The

language thereof in respect to confinement of the defendant *Flynn* in the county jail was as follows:

"It is further adjudged that the defendant *Charles H. Flynn,* . . . be and he hereby is sentenced to imprisonment in the county jail of Bayfield county until said fine and costs are paid into the circuit court of Bayfield county."

The return of the clerk of the circuit court contains these words:

"The annexed papers are all the original files in the above-entitled action used on the appeal from the order and sentence in the contempt proceedings."

It purports to contain a copy of the evidence taken, but no bill of exceptions. The referee who acted in the matter was the official court reporter.

For the appellants the cause was submitted on a brief signed by *E. C. Alvord,* attorney, and *W. M. Tomkins,* of counsel.

*R. Sleight,* for the respondent.

MARSHALL, J. The order appealed from is impeached because it does not limit the time during which payment to the respondent as therein directed may be enforced by imprisonment. Sec. 4633, Stats. 1898, is referred to as requiring such a limitation. That provides as follows:

"When a fine is imposed as the whole or any part of the punishment for any offense by any law the court shall also sentence the defendant to pay the costs of the prosecution and the costs incurred by the county at the request of the defendant, and to be committed to the county jail until the fine and costs are paid or discharged; but the court shall limit the time of such imprisonment in each case, in addition to any other imprisonment, in its discretion, in no case, however, to exceed six months."

It is a part of the chapter devoted to "general provisions concerning crimes and misdemeanors" and clearly relates to offenses punishable by law following convictions in actions,

not to cases of punishments imposed by courts following con-
victions for contemptuous violations of judicial authority.
Such power to punish is inherent in judicial tribunals, sub-
ject to reasonable regulations by legislative power. *State
ex rel. Att'y Gen. v. Circuit Court,* 97 Wis. 1, 72 N. W. 193.

Our statutory regulations, so far as they affect this case,
are contained in secs. 3491, 3492, Stats. 1898. They pro-
vide, first:

"When the misconduct proved consists of an omission to
perform some act or duty which is yet in the power of the de-
fendant to perform, he shall be imprisoned only until he shall
have performed such act or duty and paid such fine as shall
be imposed and the costs and expenses of the proceeding. In
such case the order and warrant of commitment shall specify
the act or duty to be performed and the amount of the fine
and expenses to be paid."

Second:

"In every other case, when no special provision is other-
wise made by law, the defendant may be imprisoned for a
reasonable time, not exceeding six months, and until the fine,
if any, and the expenses of the proceedings are paid; and the
duration of such imprisonment shall be expressed in the order
and warrant of commitment."

It is obvious that the misconduct involved here is not one
covered by the first section. There was no omission by ap-
pellants of any act or duty which they might subsequently
have performed, hence such misconduct necessarily falls
under the second provision. It will be seen that such provis-
ion does not require the court to limit the time of confine-
ment where inflicted as a means of enforcing the provisions
of the order, other than so the same shall expire upon com-
pliance therewith. There are two elements mentioned in the
provision: imprisonment as punishment, not to exceed six
months, and imprisonment solely as a means of coercing the
defendant into complying with the order as to payment of
money. That is permitted to be till payment shall be made.

The order here was framed in exact compliance with sec. 3492, Stats. 1898. A like order, in similar circumstances, was approved by this court in *Poertner v. Russel,* 33 Wis. 193.

The order is further attacked because, as it is said, items of expense were included in the costs and expenses appellant was required to pay, that were foreign to the contempt proceedings. Whether such contention accords with the facts or not can only be definitely determined by an examination of evidence taken by the referee on the issues made up between the parties. What purports to be a copy thereof is in the return to this court, but does not constitute part of the record since it was not made so by a proper bill of exceptions. The governing rule applicable is stated in *In re Baker,* 72 Wis. 395, 39 N. W. 764, to the effect that the determination of a controversy upon evidence closed by an order cannot be reversed upon the merits upon an appeal from such order without a bill of exceptions.

What has been said calls for an affirmance of the order appealed from.

*By the Court.*—The order is affirmed.