ESTATE OF NIEMCZYK: Cox and another, Appellants, vs. THE STATE, Respondent.

*April 5—May 4, 1954.*

514

For the appellants there was a brief by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

For the respondent there was a brief by the *Attorney General* and *Beatrice Lampert* and *Gordon Samuelsen,* assistant attorneys general, and oral argument by *Mrs. Lampert* and *Mr. Samuelsen.*

FAIRCHILD, C. J.   The decision below is contained in the order quoted in the statement of facts.  The recitals in that order bring here only such matters as appear on the face of the record of the case.  The alleged assignment upon which the claim of appellants is founded is not a part of the record. The record fails to show that it was proved or even presented as an exhibit at the hearing.  No finding was made by the court that appellants are assignees of any alleged heirs. According to the record, such finding was not requested.  At most, the copy of the assignment is an allegation, not proof.

The recitals in the order indicate that there was a full and fair consideration of all the questions raised by the petitioners, as well as those raised in behalf of the state.  No bill of exceptions was settled in this case.  As said in *In re Baker,* 72 Wis. 395, 39 N. W. 764, and relied on in *Jos. Schlitz Brewing Co. v. Washburn Brewing Asso.* 122 Wis. 515, 519, 100 N. W. 832:

"It is very clear that this court cannot reverse the final order upon its merits without the settlement of a bill of exceptions, as the order shows on its face that it was made

after hearing the evidence, as well as upon a simple examination of the account. We must presume that the account was sustained by the evidence produced before the court, in the absence of a bill of exceptions showing the evidence or showing that no evidence was in fact produced before the court on such final hearing." (p. 400.) See also *Bobczyk v. Integrity Mut. Ins. Co.* 239 Wis. 196, 300 N. W. 909; *Fidelity & Deposit Co. v. Madson,* 202 Wis. 271, 232 N. W. 525; *Beck v. First Nat. Bank of Madison,* 238 Wis. 346, 298 N. W. 161.

The order of the trial court recites that the same is based upon certain records, pleadings, testimony, exhibits, and proceedings stipulated into the record by the parties. Inasmuch as these are not before us by way of a bill of exceptions, we must assume that they were sufficient to sustain the order.

We do not reach the question of the necessity for the consent of the state to the alleged assignment or the necessity of the heirs being parties.

*By the Court.*—Order affirmed.