JAMES M. LAPOINTE, District Attorney, Ozaukee County *Page 270 
You request my opinion whether the county board is prohibited from reducing the county supplement to a county judge's salary so as to be effective during his term.
I am of the opinion that a county board could only reduce the amount the county can pay under sec. 253.07 (2), Stats., which isin addition to the state portion and county portion of the salary provided under sec. 20.923 (2) and (3), Stats., as recreated by ch. 90, Laws of 1973, and sec. 253.07 (1), Stats., where the total of the three amounts exceeds the amounts specified in sec.20.923 (3), Stats., recreated by ch. 90, Laws of 1973, and only to the extent that such additional salary exceeds the amounts set forth therein.
In State ex rel. Sachtjen v. Festge (1964), 25 Wis.2d 128,150, 130 N.W.2d 457, it was stated:
"We conclude that notwithstanding the contribution by the state of a share of the basic salary of county judges, their office has not sufficiently changed in character from a local to a state office to bring county judges within the class of public officer to which sec. 26 of art. IV, Wis. Const., applies. It follows that the legislature is free to raise or lower the salary of county judges during their terms and to authorize the county boards to raise or lower, midterm, the supplemental salary paid by the county. To hold otherwise would be to apply a constitutional restriction on legislative power in a doubtful case."
Since the Sachtjen case, Art. IV, sec. 26, Wis. Const., was amended in 1967, to permit circuit judges and supreme court justices to benefit from increases during their terms in special circumstances. The amendment does not include county judges.
Although sec. 20.923 (2), Stats., appears to classify county judges as "other elected state officials," I am of the opinion that the legislature did not intend to make them public officials subject to Art. IV, sec. 26, Wis. Const., and thereby place them in a position less advantageous than that enjoyed by circuit judges and supreme court justices.
Section 20.923 (1) (a), Stats., as recreated, provides in part:
"20.923 Statutory salaries. * * * (1) Establishment of Executive Salary Groups. (a) * * * The salary-setting authority of *Page 271 
individual boards, commissions, elective and appointive officials elsewhere provided by law is subject to and limited by this section, and the salary rate for these positions upon appointment and subsequent thereto shall be set by the appointing authority pursuant to this section, unless the position is subject to article IV, section 26 of the state constitution."
Section 20.923 (2), provides in part:
"(2) Constitutional Officers and Other Elected State Officials. (a) The annual salary for each of the following positions shall be set at the midpoint of the assigned salary range for its respective executive salary group in effect at the time of taking the oath of office, except as provided in pars. (b) and (c) and shall become effective immediately for all incumbent constitutional and other elected state officials, subject to the provisions of Article IV, Section 26 of the Wisconsin Constitution and for any subsequently elected official who takes his oath of office following the effective date of this act (1973).
"* * *
"3. County judge: executive salary group 2."
Section 20.923 (3), provides:
"(3) CIRCUIT AND COUNTY JUDGES. The annual salary for any circuit or county judge, including county supplements paid pursuant to ss. 252.016 (2), 252.071 and 253.07 (2) shall not exceed $33,500 for the period July 31, 1973, to December 31, 1974, and $34,500 for the period January 1, 1975, to December 31, 1975.
Section 253.07 (2) as amended by ch. 90, Laws of 1973, provides:
"253.07 (2) The county may pay: each county judge compensation in addition to that specified in s. 20.923, but such additional compensation shall be the same for each such judge."
Section 59.15 (1) (a), Stats., requires the county board to establish the total annual compensation of elective officers paid in whole or in part from the county treasury prior to the earliest date for filing nomination papers. It also provides: *Page 272 
"* * * The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board."
Section 66.195, Stats., provides:
"66.195 Judicial salaries. The governing body of any county may during the term of office of a county judge whose salary is paid in whole or in part by such county, increase the salary of such county judge in such an amount as the governing body determines. The power granted by this subsection shall take effect notwithstanding any other provision of the law to the contrary, except that the exercise of this power shall be governed by s.65.90 (5)."
Section 256.02 (4), Stats., provides:
"* * * (4) The county board is prohibited from reducing the salary or additional salary of a county or circuit judge for the term for which elected."
As noted above, however, the authority of the county board to establish the salary of a county judge is limited by the provisions of sec. 20.923 (1), (2), (3), Stats., as created by ch. 90, Laws of 1973. The total annual salary must be within the limits of sec. 20.923 (3), Stats., for the periods stated. I construe the provision of sec. 20.923 (1), Stats., which provides that "* * * The salary-setting authority of individual boards, commissions, elective and appointive officials elsewhere provided by law is subject to and limited by this section * * *" (Emphasis added.) as paramount to the language in secs. 59.15 (1) (a), and 256.02 (4), Stats., which prohibits reduction of the salary or additional salary of a county judge for the term for which elected where reduction is necessary to keep such salary within the limits set forth in sec. 20.923 (3), Stats.
The provisions of secs. 59.15 (1) (a) and 256.02 (4), Stats., however, prohibit the county from reducing the additional salary paid to a county judge pursuant to sec. 253.07 (2), Stats., where the state portion and county portion required by sec. 20.923 (1) (b), and (2) (a) 3 together with such additional amount heretofore *Page 273 
authorized do not exceed the limits set forth in sec. 20.923 (3), Stats.
RWW:RJV