ROBERT RAHR FLATLEY, Corporation Counsel Brown County
You request my opinion on the following question:
 May the clerk of courts discharge a deputy clerk of courts at his pleasure without following the discharge procedures contained in either a county civil service ordinance or in a collective bargaining agreement which includes such employe?
On the basis of the facts set forth herein, I am of the opinion that such officer does not have the power to discharge at pleasure.
With respect to the civil service feature of your question, this opinion assumes that the deputy clerk of courts involved is not a chief deputy clerk of courts within the meaning of secs.59.38 (2) and 63.03 (1) (h), Stats., that the county civil service ordinance was promulgated under the authority of sec.59.07 (20), Stats., and that there is no county civil service commission. With respect to the collective bargaining feature of your question, this opinion assumes that such deputy is not an independent contractor, supervisor, confidential, managerial or executive employe. See sec. 111.70 (1) (b), Stats. Since you advise me that the Wisconsin Employment Relations Commission has certified the bargaining unit to include the *Page 148 
deputy, I consider the latter assumption to be conclusively established.
You state that Brown County has a civil service ordinance adopted solely under sec. 59.07 (20), Stats., that deputy clerks of court are included, and that the ordinance establishes a specific procedure to be followed in the discharge of a civil service employe, including the filing of a statement of charges and the right to a hearing before a civil service appeal board. You further state that, pursuant to sec. 111.70, Stats., Brown County has entered into a collective bargaining agreement with a bargaining unit certified by the Wisconsin Employment Relations Commission, and that such agreement includes deputy clerks of court and contains provisions regulating discharge procedures.
Section 59.38 (1), Stats., provides:
 "59.38 (1) Counties of less than 500,000 population. Every clerk of the circuit court shall appoint one or more deputies, men or women, which appointments shall be approved by the judge of the circuit court, but shall be revocable by the clerk at pleasure, except in counties having a population of 500,000 or more. Such appointments and revocations shall be in writing and filed in the clerk's office; such deputies shall aid the clerk in the discharge of his duties, and in his absence from his office or from the court they may perform all his duties; or in case of a vacancy by resignation, death, removal or other cause the deputy appointed. shall perform all such duties until such vacancy is filled."
Section 253.30 (2), Stats., which is applicable to the appointment of deputies to serve regularly as clerk of a particular branch of county court, provides:
 "253.30 (2) In counties with multibranch county courts, the clerk of circuit court may appoint one or more deputies for each branch except branch No. 1 and, in counties having a population of 500,000 or more, branch No. 2, which appointments shall be approved by the judge of the branch which the deputy will serve. A deputy appointed to serve a particular branch may serve any other branch of the county court." *Page 149 
Under sec. 59.38 (1), Stats., it would appear that the clerk of court could revoke the appointment of a deputy and discharge him at pleasure. Section 253.30 (2), Stats., makes no reference to power to discharge at pleasure, and secs. 59.38 (2) and 253.30 (3), Stats., make it clear that in counties of over 500,000 population deputy clerks can be included within a county civil service ordinance. Section 59.38 (1), Stats., was amended by ch. 495, Laws of 1961, to include the word "shall" before the words "be revocable by the clerk at pleasure" and to except such revocability provisions in counties having over 500,000 population. Section 59.38 (2) provides that in such counties only the chief deputy clerk is removable at pleasure. I am of the opinion, however, that by reason of secs. 59.07 (20), and 59.15
(2), (4), Stats., a county may include deputy clerks of court within a county civil service system, and that where included, the provisions of the civil service ordinance as to discharge control over the provisions of sec. 59.38 (1), Stats., which provides for removal at pleasure.
Section 59.07 (20), Stats., provides:
 "59.07 (20) Civil service system. Establish a civil service system of selection, tenure and status, and the system may be made applicable to all county personnel, except the members of the board, constitutional officers, members of boards and commissions and judges. The system may include also uniform provisions in respect to classification of positions and salary ranges, pay roll certification, attendance, vacations, sick leave, competitive examinations, hours of work, tours of duty or assignments according to earned seniority, employe grievance procedure, disciplinary actions, layoffs and separations for cause subject to approval of a civil service commission or the board. The board may request the assistance of the department of administration and pay therefor, pursuant to s. 16.295." (Emphasis added.)
Deputy clerks of circuit and county court are not excepted under this statute. *Page 150 
Section 59.15 (2) (a), Stats., as amended by ch. 118, Laws of 1973, and sec. 59.15 (2) (c), (d), and (4), provide in material part:
 "59.15 (2) (a) The board has the powers set forth in this subsection [and]* sub. (3) [and s. 59.025]**
as to any office, department, board, commission, committee, position or employe in county service (other than elective offices included under sub. (1), supervisors and circuit judges) created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which lie within the county or any portion thereof and the powers conferred by this section shall be in addition to all other grants of power and shall be limited only by express language."
 "59.15 (2) (c) The board may provide, fix or change the salary or compensation of any such office, board, commission, committee, position, employe or deputies to elective officers without regard to the tenure of the incumbent (except as provided in par. (d)) and also establish the number of employes in any department or office including deputies to elective officers, and may establish regulations of employment for any person paid from the county treasury * * *"
 "59.15 (2) (d) The board or any board, commission, committee or any agency to which the board or statutes has delegated the authority to manage and control any institution or department of the county government may contract for the services of employes, setting up the hours, wages, duties and terms of employment for periods not to exceed 2 years."
These sections clearly give the board power to establish regulations of employment for any person paid from the county treasury, not excepted in sec. 59.15 (2) (a), Stats., and expressly include deputies to elective officers.
Section 59.15 (4), Stats., provides:
 "59.15 (4) Interpretation. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail."
In 35 OAG 69 (1946) it was stated that civil service rules can apply to all county personnel not expressly excluded from sec.59.07 *Page 151 
(20), Stats. In 38 OAG 21 (1949), it was stated that sec. 59.07
(20), Stats. (then 59.074), authorizes the inclusion of a position such as deputy county treasurer within the county civil service system and to that extent supersedes the provision of then sec. 59.19 (1), Stats. In 41 OAG 105 (1952), it was stated that where a county civil service system, established pursuant to then sec. 59.074, Stats., includes a deputy register of deeds and a tenure provision thereof conflicts with the apparent right of the register of deeds to dismiss such deputy at pleasure, the tenure provision of the civil service system supersedes the conflicting statute.
In Richards v. Board of Education (1973), 58 Wis.2d 444, 460b,206 N.W.2d 597, it was stated that a board of education could, under sec. 111.70, Stats., enter into an agreement establishing a grievance procedure relating to dismissals and that such subject is within the embrace of "wages, hours and conditions of employment" as defined in sec. 111.70 (1) (d), Stats. Section111.70, Stats., being a subsequent enactment, modifies the otherwise absolute power to hire and fire. Muskego-NorwayC.S.J.S.D. No. 9 v. W.E.R.B. (1967), 35 Wis.2d 540, 557,151 N.W.2d 617.
The county board has power to contract for the services of employes, setting up "hours, wages, duties and terms ofemployment" under sec. 59.15 (2) (d), Stats., and may establish "regulations of employment for any person paid from the county treasury" and establish the number of employes in each department "including deputies to elective officers" under sec. 59.15 (2) (c), Stats. Therefore, I am of the opinion that the board can enter into a collective bargaining agreement with a duly certified bargaining unit of employes under sec. 111.70, Stats., which establishes a grievance procedure relative to discharge, without the express consent of the elected officials under whom such deputies serve. To the extent that such bargaining agreement is consistent with powers granted to the county board under secs.59.15 (2) and 111.70, Stats., it modifies the provisions of a statute such as sec. 59.38 (1), Stats., which permits a clerk of circuit court to remove a deputy clerk of court at pleasure.
RWW:RJV
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
** [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS ADDED IN THE ORIGINAL TEXT.] *Page 152