MICHAEL T. SOLOVEY, District Attorney Juneau County
You requested my opinion on the following two questions:
 "1. Whether a register in probate (sec. 253.31, Stats.) is entitled to the protection of the Fair Employment Act (sec. 111.31-37 Stats.)?
 "2. Whether a defect in the appointment of a register in probate (sec. 253.31 Stats.) has any bearing upon the application of the Fair Employment Act (sec. 111.31-37 Stats.) to this position?" *Page 170 
You indicate that Juneau County has a population of approximately 18,000 people and its employes are not covered by union contract or civil service.
Your questions are based on the following factual setting. The judge of the Juneau County Court appointed a woman as register in probate pursuant to sec. 253.31, Stats. Her job is listed in the county salary schedule and she received county benefits. The register in probate, who was unmarried, became pregnant and was dismissed by the judge.
 A Register In Probate Is Protected By The Fair Employment Act.
The Fair Employment Act, subch. II of ch. 111, Stats., makes it "unlawful for any employer, labor organization, licensing agencyor person to discriminate against any employe or any applicant for employment or licensing." Sec. 111.325, Stats.
Section 111.32, Stats., defines "discrimination" and "discrimination because of sex."
 "(5)(a) `Discrimination' means discrimination because of age, race, color, handicap, sex, creed, national origin or ancestry, by an employer . . . against any employe . . . in regard to his hire, tenure or term, condition or privilege of employment . . . .
"***
"(g) It is discrimination because of sex:
 "1. For an employer . . . on the basis of sex where sex is not a bona fide occupational qualification, to refuse to hire, employ, admit or license, or to bar or to terminate from employment or licensing any individual;"
Prohibition of sex discrimination in employment and activities affecting the employment process is thus the declared public policy. Virtually all employers (and employes) are covered by the Act.
The Act's definitions of "employer" and "employe" are extremely broad.
 "The term `employer' shall include this state and any employer as defined in s. 41.02 (4), but shall not include a social *Page 171 
club, fraternal or religious association not organized for private profit." Sec. 111.32 (3), Stats.
By reference to sec. 41.02 (4), Stats., "any city, village, town, county, common school district . . . or any other unit of government" is included within the definition of employer
Section 111.32 (2), Stats., states: "The term `employes' shall not include any individual employed by his parents, spouse or child." Failure to define "employe" directly creates no ambiguity, and in the absence of ambiguity, language normally is to be given its ordinary and accepted meaning. See Vigil v.State, 76 Wis.2d 133, 142, 250 N.W.2d 378 (1977).
Under sec. 990.01 (1), Stats., however, "employe" is to be construed according to its common and approved usage unless suchconstruction would produce a result inconsistent with the manifestintent of the Legislature. Webster's New World Dictionary, Second College Edition, defines "employe" to mean "a person hired by another, or by a business firm, etc., to work for wages or salary." Although a register in probate clearly qualifies under this dictionary definition of employe, it is equally clear that a register in probate enjoys a status different from the status associated generally with the ordinary and accepted meaning of the word employe. That is, the register in probate is not only an employe of the county but the person appointed register in probate also is a county official.
The leading case in Wisconsin establishing criteria to determine whether one is a public officer or an employe is Martinv. Smith, 239 Wis. 314, 1 N.W.2d 163 (1941). The court stated at page 332:
 "`[T] o constitute a position of public employment a public office of a civil nature, it must be created by the constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not be only temporary or occasional; and its powers and duties must be derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered upon by taking an oath and giving an *Page 172 
official bond, and be held by virtue of a commission or other written authority."'
The office of register in probate as created by legislative act requires taking of the official oath. Section 253.31 (1), Stats.See Wis. Const. art. IV, sec. 28. Register in probate is a permanent office even though any individual holding such office serves for an undefined term. See Burton v. State Appeal Board,38 Wis.2d 294, 302, 156 N.W.2d 386 (1968). The statutory duties and powers of registers in probate, secs. 253.32 et seq., Stats., clearly involve the exercise of some sovereign powers of the state free from the control of a superior power except that the judge can direct performance of general administrative duties. Sec. 253.32 (6), Stats. Such persons are appointed by the county judges. Sec. 253.31 (1), Stats. County judges also are county officials. State ex rel. Sachtjen v. Festge, 25 Wis.2d 128,130 N.W.2d 457 (1964).
While registers in probate exercise some of the sovereign powers of the state, they are primarily local officers carrying out statutorily defined duties and exercising statutorily defined powers under the general supervision of the county judge. It is, therefore, my opinion that registers in probate should be considered county officers rather than county employes. Although the status of registers in probate as county officers suggest exclusion from the common and approved definition of employe above cited it is, nevertheless, also my opinion that the register in probate comes within the meaning of "employe" in the Fair Employment Act.
Although sec. 253.31, Stats., vests in the county judge authority to appoint and remove a register in probate, such person, nevertheless, is "employed" by the county. The salary of the register in probate is fixed by the county board and paid by the county. Sec. 253.31 (3), Stats. The position is included in the county salary schedule and the person appointed receives other county benefits. The county board has the power to set or change the salaries of county employes generally. See, e.g., secs. 59.15, 59.16, 59.19 and 59.38, Stats. Included within the county's general powers enumerated in ch. 59, Stats., is the power to establish a county civil service system for the selection, tenure and status of county personnel. Sec. 59.07
(20), Stats. In 35 Op. Att'y Gen. 69 (1946) it was stated that civil service rules can apply to all county personnel not expressly excluded from sec. 59.07 (20), Stats. Registers in probate are not specifically *Page 173 
excluded. See also 63 Op. Att'y Gen. 147 (1974); 41 Op. Att'y Gen. 105 (1952) and 38 Op. Att'y Gen. 21 (1949).
Status as an officer, therefore, does not necessarily disqualify an individual as an employe as that word is used or defined in any particular statute. State ex rel. Sheets v. Fay,54 Wis.2d 642, 646, 196 N.W.2d 651 (1972). See also 62 Op. Att'y Gen. 20 (1973). As previously noted, the manifest intent of the Legislature as stated in the act is to prohibit discrimination by any employer or person. Sec. 111.325, Stats.
The Legislature's extension of the Act's coverage to virtually all employers and employes evinced comprehensive and equal treatment. The declared public policy is "to encourage and foster to the fullest extent practicable the employment of all properly qualified persons regardless of their age, race, creed, color. handicap, sex, national origin or ancestry." Sec. 111.31 (3), Stats. Our supreme court has declared that it will liberally construe the Act in order to foster full employment without discrimination. See Chicago, M., St. P. P. R.R. v. ILHR Dept.,62 Wis.2d 392, 397, 215 N.W.2d 443 (1974).
The Act's legislative history supports the comprehensive coverage intended. In State ex rel. Dept. of Pub. Instruction v.ILHR, 68 Wis.2d 677, 684, 229 N.W.2d 591 (1975), before sec.111.32 (3) of the Act was amended to include the state as an employer, the court urgently suggested that the Legislature make the Act applicable to all employers.
 ". . . The legislative purpose or public policy as set forth in the Fair Employment Act should apply to all employees whether hired by the state or others. If the legislature does not include them, questions of constitutional equal protection could be raised. A simple amendment to the act could include the state and its agencies as an employer or person so that all employees (with stated exceptions) may enjoy the protection of our antidiscrimination statutes." (Emphasis added.)
The Act was amended by ch. 31, Laws of 1975, to include the state as an employer and all state employes without exception. In view of the manifest broad coverage it is my opinion that "employe" includes such appointed officials as registers in probate. To construe employe narrowly to exclude such persons would frustrate legislative intent. *Page 174 
A further question remains, however. Is the Fair Employment Act applicable to the discretionary authority of the county judge to appoint and remove registers in probate'? I believe it is applicable.
The general rule is that an employer or appointing authority,see Moses v. Board of Veterans Affairs, 80 Wis.2d 411,259 N.W.2d 102 (1977), may discharge for any reason or no reason in the absence of contrary statutory or contract provisions. Yanta v.Montgomery Ward Co., Inc., 66 Wis.2d 53, 63, 224 N.W.2d 389
(1974). The statutory appointive powers in sec. 253.31, Stats., were in existence when the Legislature adopted the Fair Employment Act. It is presumed that the Legislature was aware of the appointive powers when the Act was adopted and amended, and those powers are subject to modification by subsequently passed statutes. Muskego-Norway C.S.J.S.D. No. 9 v. W.E.R.B., 35 Wis.2d 540,556-558, 151 N.W.2d 617 (1967). The reason is that, even where there is an otherwise absolute statutory power to hire and fire, the "[m]odification of statutes is a question of legislative policy," id., and the Fair Employment Act constitutes a modification of the otherwise discretionary power to hire and fire.
As already noted the Act prohibits discrimination by any "employer" or "person." Sec. 111.325, Stats. Delegating to county judges the authority to appoint and remove is no more significant than similar delegation to persons in other areas of government employment. Compare, e.g., sec. 62.13 (4)(a), Stats. (police chief's statutory power to appoint and promote subordinates) and sec. 17.07, Stats. (removal by appointing authority of legislative and appointive state officers). Cf. GlendaleProfessional Policemen's Association v. City of Glendale,83 Wis.2d 90, 264 N.W.2d 594 (1978), and Moses v. Board of VeteransAffairs, supra.
In stating the public policy against discrimination in employment, the Legislature made no exception for appointed positions. Nothing in the Act's legislative history suggests that county judges are to be exempt from the Act's prohibitions when making statutory appointments. In this regard, a county judge enjoys no special status and is bound by the law as is any other person. Sec. 111.325, Stats.
It is important to keep in mind that the removal from office in the instant case does not involve the exercise of inherent powers of a court or the principle of separation of powers. See In reAppointment of *Page 175 Revisor, 141 Wis. 592, 612, 613, 124 N.W. 670 (1910). The office of register in probate was created by statute as are the duties and powers of the office. As already noted, they are subject to legislative modification. Cf. 62 Op. Att'y Gen. 269 (1973); 30 Op. Att'y Gen. 148 (1941); State ex rel. Sachtjen v. Festge,supra. Assuming, however, one considers removal an inherent power of the court under a theory that it may be necessary to protect the judicial system and the integrity of the court, the Legislature, by prohibiting discrimination, has imposed a reasonable qualification on the county judge's exercise of such power. State v. King, et al., 82 Wis.2d 124, 262 N.W.2d 80
(1978); Upper Lakes Shipping v. Seafarer's I. Union, 22 Wis.2d 7,125 N.W.2d 324 (1963); Jos. Schlitz Brewing Co. v. WashburnBrewing Asso., 122 Wis. 515, 100 N.W. 832 (1904); State ex rel.Attorney General v. Circuit Court for Eau Claire County, 97 Wis. 1,72 N.W. 193 (1897).
Consequently, a county judge may remove the register in probate but not for reasons proscribed by the Fair Employment Act.
Although it is my opinion that the Fair Employment Act applies to the appointment and removal of a register in probate, the Department of Industry, Labor and Human Relations has been given primary responsibility for determining whether actual discrimination has occurred, sec. 111.33, Stats. Because dismissal in the instant case may involve disputed questions of fact, such matters should be resolved by the Department of Industry, Labor and Human Relations. I therefore express no opinion on whether removal in the instant case violated the Act's proscription against sex discrimination. Cf. Ray-O-Vac v. ILHRDepartment, 70 Wis.2d 919, 236 N.W.2d 209 (1975); WisconsinTelephone Co. v. ILHR Dept., 68 Wis.2d 345, 228 N.W.2d 649
(1975).
 A Defect In The Appointment of A Register In Probate Has Limited Bearing Upon The Application of The Act.
In your second question you ask whether a defect in the appointment of a register in probate has any bearing upon the application of the Fair Employment Act to the position. In my opinion such defect has only incidental effect upon the application of the Act. *Page 176 
Section 253.31 (1), Stats., provides in part that before entering upon his or her duties a register in probate "shall take and subscribe the constitutional oath of office and file it, together with the order of appointment, in the office of the clerk of circuit court." Unintentional failure to comply with these statutory requirements renders the office vacant (sec.17.03 (7), Stats.), but would not prevent a person from assuming office. See 1908 Op. Att'y Gen. 736 (1907); see also Burton v.State Appeal Board, supra, at 304. It would mean, however, that the person appointed is a de facto rather than a de jure register in probate.
 ". . . As a general rule, all that is required to make an officer de facto is that the individual claiming the office be in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment. . . ." State ex rel. Reynolds v. Smith, 22 Wis.2d 516, 522, 126 N.W.2d 215
(1964).
It is well established that the official acts of a de facto
officer, as to third persons, are valid and cannot be questioned collaterally. In re Burke, 76 Wis. 357, 362, 45 N.W. 24 (1890). See also Burton v. State Appeal Board, supra, at 304; Walberg v.State, 73 Wis.2d 448, 463, 464, 243 N.W.2d 190 (1976).
Where there is no de jure officer claiming the office, a defacto officer is entitled to the salary of the office when the de facto officer has entered upon the duties of the office in good faith and pursuant to apparent authority. State ex rel. Reynoldsv. Smith, supra, at 522, 523. In the instant case any defect would likely be corrected promptly by the appointing authority through reappointment, thereby making that person a de jure
officer. Obviously the county judge could simply withdraw the appointment of a register in probate if that person refuses to take and subscribe the constitutional oath of office.
As already noted the policy of making discrimination unlawful extends to all employes and prospective employes including, in my opinion, de facto employes. See secs. 111.325 and 111.31, Stats. Therefore, when a person is a de facto employe, he or she is entitled to the protection of the Act.
BCL:JN *Page 177